## United States Steel Corporation *v.* Simon, et al.

282

Argued May 10, 1973, before Judges Kramer, Mencer and Blatt, sitting as a panel of three.

*James D. Strader,* for appellant.

*James C. Evans,* for appellee.

Opinion by Judge Kramer, June 19, 1973:

This is an appeal by United States Steel Corporation (USS) from an adjudication of the Workmen's Compensation Appeal Board (Board) dated September 28, 1972, dismissing USS's appeal from the referee's award of compensation to James Simon (Simon). The Board took no additional evidence or testimony and affirmed the findings of fact and conclusions of law and order of the referee.

Simon was employed by the Cyclone Fence Division of USS for approximately 20 years. His job entailed the installation and erection of fences. Initially, it is of some import to note that Simon suffered a prior injury in July of 1956, which is peripherally involved in this case. Simon's prior injury was to his right hand, neuroma developed, and Simon wore a cast to protect the hypersensitive area. In an attempt to alleviate the pain caused by the neuroma, Simon had undergone surgery in the nature of a sympathectomy. This operation was performed in the area of the right upper back. The doctor authorized Simon to return to "light work" so as to favor his injured hand, and USS was fully aware of this fact.

On October 6, 1967, Simon was helping to set fence posts. These posts were heavy steel poles 30 feet in length and four inches in diameter. The work was being done by three men. They would place one end of the pipe in a hole and then walk the pole forward. Since Simon was the tallest of the three men, he was the last man in line. As they moved toward the hole, the men would lift the post into place. During this process, the pole had a tendency to sway. Simon alleges that while erecting one of these poles, the pole swayed and he twisted his back, resulting in severe pain. Although he continued to be in pain, Simon finished the work day. October 6th was a Friday, and Simon returned to work on Monday, October 9th. On Monday, he was helping

to erect scaffolding. While climbing with a section of scaffold, he severely twisted his back and once again injured the same. Simon went to his family physician and was eventually referred to Dr. Day, an orthopedic surgeon. Dr. Day determined that surgery was required, and he performed a lumbar laminectomy and removed discs at two areas, which had no relation to the prior injury.

Several days of hearings were held, and on February 23, 1971, the referee found for Simon. USS appealed to the Board and as aforementioned, the Board affirmed the referee's findings, conclusions and order. Hence, this appeal by USS.

Our scope of review in Workmen's Compensation cases, when the claimant has been victorious below, is limited to questions of law and a determination as to whether there is substantial evidence to support the findings and conclusions of the Board. *See Nash v. Sandnes' Sons, Inc.,* 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972); *Bambrick v. Asten Hill Manufacturing Company,* 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972). It is for the fact finder and not the appellate court to determine questions of credibility and the weight to be given evidence, and the party victorious below is to be given the benefit of the most favorable inference deducible from the evidence. *Sabatini v. Affiliated Food Distributors, Inc.,* 6 Pa. Commonwealth Ct. 470, 295 A. 2d 845 (1972); *Nash v. Sandnes' Sons, Inc., supra.*

USS presents three questions on appeal: (1) whether the incidents of October 6 and October 9, 1967, were accidents within the meaning of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.; (2) that Simon had failed to establish the proper causal relationship between the incident in question, the disability claimed, and the treatment rendered; and (3) that Simon failed

to give timely notice, as required under Section 311 of the Workmen's Compensation Act, 77 P.S. §631. There is no question that Simon is permanently disabled.

USS's first question centers on whether Simon had experienced an accident within the "unusual pathological result doctrine." In order to be entitled to compensation under this doctrine, certain criteria must be met. In *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972), we stated four common elements which are found within an "accident," defined within the doctrine. "They are: (1) the ordinary and usual nature of the work or act being performed by the employee . . .; (2) the unexpected nature of the event or occurrence resulting from such work or act . . .; (3) a definable event, or series of events, causing the sudden onset of the unexpected pathological result . . .; and (4) physical injury or physical change of bone or bodily tissue. . . ." (Citations omitted.) 7 Pa. Commonwealth Ct. at 223, 298 A.2d at 635-636.

Initially, we note Simon's uncontradicted testimony states that he twisted his back while in the course of his usual employment. However, under this doctrine, the claimant is not entitled to compensation if his disability can be attributed to a prior existing condition. In this regard, we note, from the record, that Simon's prior sympathectomy, performed to relieve the sensitivity in his right arm and hand, has not been related to the disability in question. The prior surgery was performed in the upper right back; the injury presently at issue is to the lower back. *See Gasparovich v. Federal Reserve Bank of Cleveland*, 194 Pa. Superior Ct. 137, 166 A. 2d 57 (1961). *See also Yuhas v. Bethlehem Steel Corporation*, 8 Pa. Commonwealth Ct. 302, 303 A. 2d 266 (1973).

USS raises one other potential challenge with respect to the possibility of a prior existing condition.

Simon's surgeon acknowledged that upon admission to the hospital, his disability was diagnosed as "discogenic disease, lumbar spine." USS stresses this point, not so much to show that claimant suffered from a prior exist‐ ing condition, but rather to urge that Simon has not proven a break, or change in the physical structure or tissues of the body, as a result of the incident in ques‐ tion. We cannot agree. A reading of the record leaves no doubt that Simon suffered from ruptured discs in the lower back. There is also nothing in the record to indicate that the discogenic disease predated the existing disability, or is in any way causally related to Simon's present disability. To the contrary, the record suffi‐ ciently establishes that the operation performed by Dr. Day was occasioned by the incident that occurred at work.

This brings us to USS's second contention, i.e., that Simon failed to prove a causal connection between the incidents, the disability, and treatment rendered. USS argues that medical testimony is required to be un‐ equivocal to establish a claim; that opinions in such terms as "could have," "might have" and "possibly did" are insufficient. While we agree that USS correctly states the law, we cannot agree that Dr. Day was equivo‐ cal with respect to causation. On direct examination, he was asked: "Q. Now, Doctor, based upon the his‐ tory you received, are you able to state whether or not, in your opinion, the operation that you performed was occasioned by the incident that had occurred at work, as stated by Mr. Simon?" His answer was a simple "Yes."

We recognize that USS's basic contention concern‐ ing this point is whether the doctor had the correct or sufficient history to make such a statement. However, USS did not even cross-examine on this point. It offered no medical testimony of its own. USS did not present any witnesses which questioned or disputed

Simon's version of the incidents involved. It did not pursue the possible relationship, if any, of the discogenic disease. Prior to answering the above question, Dr. Day stated that he had received a history from Simon and from the referring doctor. Giving the claimant all the favorable inferences from the testimony, as we are required to do when he is victorious below, we conclude that the referee's, and hence the Board's, findings and conclusions are supported by sufficient evidence.

USS's only witness, its construction supervisor, testified with respect to the question of whether Simon ever notified his employer of the accident. The question of notice is USS's third and final challenge. Section 311 of the Workmen's Compensation Act, 77 P.S. §631 requires that the employe, or someone in his behalf, to notify the employer within 120 days. USS contends that it was not properly or sufficiently notified within the required 120-day period. Simon has not argued the facts concerning notice, but rather submits that the issue is not properly before this Court.

USS contends that it introduced the question of notice in its original answer to Simon's claim, and that neither the referee, nor the Board commented on this issue. To be sure, USS's original answer denied notice. Unfortunately for USS, it never properly pursued the issue. In its exceptions and allegations of error from the referee's award in its appeal to the Board, it did not raise the question. In its brief to the Board, USS discussed notice, but not as a separate distinct issue, but rather in passing under its argument concerning whether the alleged incidents, in fact, occurred. In its exceptions to the Board's findings and conclusions on appeal to this Court, USS once again failed to establish notice as an issue. Due to the fact that the issue was not properly raised before the Board, nor for that matter before this Court, we cannot and will not decide the issue. *See Brunswick Corporation v. Key Enter-*

*prises, Inc.,* 431 Pa. 15, 244 A. 2d 658 (1968); *Wynne-wood Civic Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 179 A. 2d 649 (1962). *See also Sojtori v. Zoning Hearing Board,* 6 Pa. Commonwealth Ct. 552, 296 A. 2d 532 (1972).

Having determined that the issue of notice is not properly before us, we reiterate that the Board did not commit an error of law, and that its findings and conclusions are supported by substantial evidence. Therefore, we

### ORDER

AND Now, this 19th day of June, 1973, it is hereby ordered that judgment be entered in favor of James Simon and against Cyclone Fence Division of the United States Steel Corporation for compensation for total disability at the rate of $60.00 per week, beginning from January 20, 1968, and continuing for an indefinite period into the future until such time as disability of the claimant ceases or changes in character and extent, all within the terms and limits of the Pennsylvania Workmen's Compensation Act, including legal interest on deferred installments, and all statutory medical expenses due to the subject accidents; United States Steel Corporation to reimburse the Blue Cross for monies paid to Pittsburgh Hospital.