New Standard Corporation and Insurance Company of North America, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Lynne M. Miller, Appellees.

Argued June 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Christopher S. Underhill,* with him *Windolph, Burkholder & Hartman,* for appellants.

*Carl G. Herr,* with him *Louise G. Herr,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 10, 1973:

The question which we are called upon to resolve in this Workmen's Compensation case is whether the claimant is entitled to compensation benefits as a result of an accident[1] under the unusual pathological result doctrine.

Claimant was employed as a punch press operator for approximately one year prior to October 29, 1971. On that date, claimant was lifting metal discs from a shoulder height bin onto a punch press machine when she experienced a sharp pain in her back. This was in conformity with her normal function in the usual way. She attempted to continue but the pain increased and

---

[1] The alleged accident in this case occurred prior to the enactment of Act 61 of 1972 which substantively changed the Workmen's Compensation Act to eliminate proof of "accident" before recovery is allowed. The amendments are therefore not applicable.

was accompanied by dizziness, so she informed her employer of the incident and went home. The injury was diagnosed as an acute low back strain with increased paraspinal muscular tonus which, translated into layman's terms, is an acute muscle spasm of the lower back. Claimant had not experienced any problem with her back prior to that time.

After hearing, the Referee found that claimant had suffered an accident in the nature of an unusual pathological result and that claimant was totally disabled. The findings and award were affirmed by the Workmen's Compensation Appeal Board since the Board felt that the evidence supported the Referee's finding that an accident occurred and the injuries were caused by that event. The employer appeals to us.

The scope of this Court's review in Workmen's Compensation cases, when the claimant has been victorious below, is limited to questions of law and a determination as to whether there is substantial evidence to support the findings and conclusions of the Board. *United States Steel v. Simon*, 9 Pa. Commonwealth Ct. 281, 305 A. 2d 913 (1973). Further, it is the function of the fact finder and not of this Court to determine questions of credibility and the weight to be given evidence, and the party victorious below is to be given the benefit of the most favorable inference deducible from the evidence. *United States Steel v. Simon*, 9 Pa. Commonwealth Ct. 281, 305 A. 2d 913 (1973); *Sabatini v. Affiliated Food Distrbutors, Inc.*, 6 Pa. Commonwealth Ct. 470, 295 A. 2d 845 (1972). Under this scope of review we must affirm the decision of the Board.

Appellant's sole contention is that the unusual pathological result doctrine cannot be applied unless claimant can prove that the accident resulted in a fracture of the bone structure or a tear or rupture of the soft tissue of the body. Neither the Workmen's Com-

pensation Act nor the decisional law developed under it dictate such a holding. We preface our discussion with two well known rules of law: (1) The Pennsylvania Workmen's Compensation Act must be liberally construed in favor of those whom it was intended to benefit. *Nemitz v. Air Service Int'l.*, 7 Pa. Commonwealth Ct. 373, 298 A. 2d 654 (1972), and (2) the most recent decisions on the unusual pathological result doctrine indicate that a more liberal construction should be afforded to the definition of an "accident." *Bethlehem Steel Corp. v. Yuhas*, 8 Pa. Commonwealth Ct. 302, 303 A. 2d 266 (1973).

In *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 223, 298 A. 2d 632, 635, 636 (1972), this Court stated: "[w]e discern from the cases that there are four common elements within virtually every 'accident' defined as an unusual pathological result of an ordinary condition of work. They are: (1) the ordinary and usual nature of the work or act being performed by the employee; (2) the unexpected nature of the event or occurrence resulting from such work or act; (3) a definable event, or series of events causing the sudden onset of the unexpected pathological result; and (4) physical injury or physical change of bone or bodily tissue. [citations omitted]."[2] In *Arnold Coal & Supply Co. v. Markle*, 8 Pa. Commonwealth Ct. 107, 109, 300 A. 2d 916, 917 (1973), we again considered the Unusual Pathological Result Doctrine and there stated that "[a] compensable injury may occur in the course of the normal duties of an employe and without overexertion, when a strain or twist causes a break or sudden change in the physical structure or tissues of the

---

[2] Appellant does not argue that elements 1, 2 and 3 have not been shown but only that element 4 has not been proven and therefore no "accident" has been shown.

body." Under these interpretations of this doctrine, no actual fracture or rupture is necessary. The important consideration is whether the injury here diagnosed as "strain" results in a change of the physical structure or tissues of the body. If there is sufficient competent medical evidence introduced by the Claimant to show this change in the physical structure or tissues of the anatomy, Claimant will be entitled to compensation benefits even though the injury involved no actual tissue *tear or break*. In the case at hand, we feel Claimant's injury could reasonably be classified as a change in the physical structure or tissues of the body.

The cases of *Landis v. General Motors Corp.*, 180 Pa. Superior Ct. 332, 119 A. 2d 645 (1956), and *Guvala v. Sims Co.*, 155 Pa. Superior Ct. 206, 38 A. 2d 482 (1944), do not mandate the interpretation pressed upon us by Appellant. In *Landis*, compensation was disallowed because that was a case of an aggravation of a pre-existing condition. The pre-existing condition determination was the main thrust of that decision. *See Corbeil v. A. & P. Stores*, 213 Pa. Superior Ct. 1, 245 A. 2d 864 (1968). In *Guvala*, the court simply held that compensation should be awarded when, in fact, the claimant actually had a ruptured invertebral disc since this could be termed an accident within the terms of the Workmen's Compensation Act. Neither case dictates that where there is a disabling injury, but no actual break or tear, compensation may not be allowed.

As to the issue of causal connection and disability, the medical expert presented uncontradicted testimony to the effect that the injury was caused by that incident and that the Claimant was totally disabled. The Referee accepted this testimony and the Board affirmed. Since those findings were based on competent evidence, it will not be disturbed here.

## Order

And Now, this 10th day of August, 1973, the Order of the Workmen's Compensation Appeal Board is affirmed; New Standard Corporation is directed to pay to Lynne M. Miller compensation for total disability at the rate of $60.00 per week from October 29, 1971, with interest at the rate of six percent (6%) per annum on the accrued amount, all within the terms of the Workmen's Compensation Act. New Standard Corporation is also directed to pay medical expenses in the amount of $210.50.