Draco Development Corp. and Pennsylvania National Mutual Casualty Co., Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Elizabeth A. Floriani, Appellees.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard A. Bausher,* with him *Stevens & Lee,* for appellants.

*Clifford B. LePage, Jr.,* with him *Austin, Speicher, Boland, Connor & Giorgi,* for appellees.

OPINION BY JUDGE KRAMER, November 26, 1973:

This is an appeal by Draco Development Corporation (Draco) from an order of the Workmen's Compensation Appeal Board (Board), dated March 15, 1973, affirming the Referee's award of compensation to Elizabeth A. Floriani on her fatal claim petition.

The petition asserts that her late husband, Frank D. Floriani (Floriani), died on April 15, 1971, as a result of an accident which occurred on April 13, 1971. On the date of the accident Floriani was working as a

construction laborer for Draco. Floriani lost control of a motorized wheel barrow, or cement buggy, which he was operating and was knocked off a ramp approximately 12 to 14 inches above the floor. He fell straddling an opening approximately three feet by four feet. He was helped to his feet by his fellow workers and continued to work throughout the remainder of the afternoon. Although he experienced chest pains throughout the night of April 13, 1971, Floriani went to work the next morning. He was unable to continue working, and at about 10:00 o'clock that morning, he went to Community General Hospital where he was examined by Dr. Harold Farber. Upon completion of the examination by Dr. Farber, Floriani returned home. Later on that afternoon, he collapsed and was rushed by ambulance to Community General Hospital where he was reexamined by Dr. Farber. At 11:45 p.m., he was transferred to the coronary care unit of Reading Hospital and was examined by Dr. Gruber. He subsequently died at 1:45 a.m. on April 15, 1971. The cause of death has been established as a dissecting aneurysm of the aorta.

On December 1, 1971, a hearing was held on the petition by Referee Francis R. Tworzydlo. The testimony of Mrs. Floriani, two co-workers, and Dr. Farber was presented at this hearing. At a later hearing on May 24, 1972, conducted by Referee Frank M. Perna, the testimony of Dr. John Gruber was presented in behalf of Draco. On August 29, 1971, Referee Perna issued his findings of fact, conclusions of law, and award in favor of Mrs. Floriani's petition. Draco appealed to the Board, which affirmed the Referee; hence this appeal.

Draco poses two questions on appeal. First, Draco alleges that the Board's findings and conclusions cannot be "sustained without a capricious disregard of the competent evidence." Second, Draco contends that

it would be improper for Referee Perna to decide the case at his level since he did not personally hear the testimony taken before Referee Tworzydlo.

Our scope of review when the party bearing the burden of proof has prevailed before the Board, is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *See Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A. 2d 189 (1973). This test is somewhat different from the capricious disregard test (argued by Draco), which is used when the party prevailing below did not bear the burden of proof. *See Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919 (1973). The law is also clear that the party prevailing below is to be given the benefit of any inference reasonably deducible from the evidence and testimony presented. *See United States Steel Corporation v. Simon,* 9 Pa. Commonwealth Ct. 281, 305 A. 2d 913 (1973). Questions of credibility and weight to be given the evidence are for the fact finder. The Board's review, unless it takes additional evidence, consists of ascertaining the competency, not credibility, of the evidence necessary to support the Referee's decision. Of course, the Board also considers whether the Referee has made errors of law. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

We now turn to Draco's first question, which we shall treat as posing whether or not the Board's findings are supported by substantial evidence.[1] The two crucial points in this contention are whether there is

---

[1] It is only fair to point out that Draco's exceptions to the Board's decision properly posed the question, and the issue of substantial evidence is thoroughly covered in Draco's brief.

evidence to support the Referee's finding that Floriani struck his chest when he fell and whether the evidence supports the Referee's Finding No. 4, which states: "The above mentioned accident consisted of an injury to the decedent's aorta resulting in a dissecting aortic aneurysm which caused the decedent's death April 15, 1971."

A careful reading of the record permits us to conclude that both findings are supported by substantial evidence. An eyewitness to the accident clearly states that Floriani struck his chest, and as to Finding No. 4, Dr. Farber's testimony provides substantial evidence which is supportive. We acknowledge that Dr. Gruber's testimony, which in essence supports the proposition that Floriani's accident was not causally connected to his death, is most impressive. We hasten to reiterate, however, that it is not within our scope of review to interject our discretion for that of the fact finder.

Draco's second contention, that it was improper for Referee Perna to decide the case on testimony taken before Referee Tworzydlo, relies on *Wilder v. Jones & Laughlin Steel Corporation,* S.A. 685 of 1971, a decision of the Allegheny County Court of Common Pleas, wherein the same issue was presented. Unfortunately for Draco, our recent decision in *Wilder v. Jones & Laughlin Steel Corporation,* 8 Pa. Commonwealth Ct. 505, 303 A. 2d 537 (1973), reverses the lower court. While we believe our opinion in *Wilder, supra,* controls, we, in light of *Universal Cyclops Steel Corporation v. Krawczynski, supra,* are constrained to add the following thoughts.

In *Wilder, supra,* and in *Duquesne Brewing Company v. Dyda,* 8 Pa. Commonwealth Ct. 531, 303 A. 2d 541 (1973), we noted that the Workmen's Compensation Act provides statutory authority for changing ref-

erees.[2] Therefore, Draco's argument, in effect, is a constitutional challenge to the aforementioned statutory provision. We believe that the procedural posture of this case is such that it would be improper for us to decide the constitutional question at this time. Although Draco did take exception to Referee Perna's findings for the reason that he did not hear all of the testimony, Draco never objected before, at the commencement of, or during the continued hearing before Referee Perna. Furthermore, Draco requested neither a rehearing in order that Referee Perna hear all the testimony, nor a de novo hearing before the Board. *See Bogowich v. State Workmen's Insurance Fund*, 105 Pa. Superior Ct. 366, 161 A. 623 (1932). Therefore, we expressly do not decide what the result would be if one of the parties had properly and timely objected, or had requested a rehearing or a de novo hearing before the Board, and such requests were denied.

In summary then, we conclude that there was substantial evidence to support the findings and conclusions of the Referee and Board. We therefore

### ORDER

AND NOW, this 26th day of November, 1973, it is hereby ordered that Draco Development Corporation, and/or its insurance carrier, Penn National Mutual Casualty Company, pay Elizabeth Floriani the sum of $54 per week for a period beginning April 15, 1971 until such time as decedent's surviving son, Michael J. Floriani reaches his eighteenth birthday, and from that date the sum of $46 per week until decedent's sur-

---

[2] Section 415 of the Workmen's Compensation Act, 77 P.S. §851 permitted the Board to make changes in referee assignment. Section 415 has subsequently been amended by the Act of February 8, 1972, P. L. (Act No. 12), which virtually leaves Section 415 intact except that now the Department of Labor and Industry rather than the Board is given the power to change referee assignments.

viving daughter, Marie E. Floriani, reaches her eighteenth birthday, and from that date thereon the sum of $39 per week; Draco Development Corporation, and/or its insurance carrier is also to pay the sum of $750 as reasonable burial expense to Elizabeth Floriani; Draco Development Corporation and/or its insurance carrier is further ordered to pay the following medical expenses incurred as a result of the aforementioned accident:

| | | |
|---|---|---|
| Community General Hospital | — | $ 20.00 |
| Reading Hospital | — | 144.25 |
| John W. Gruber, M.D. | — | 40.00 |
| Harold I. Farber, M.D. | — | 48.00 |
| Total | | $252.25 |