Olin Corporation (Plastics Division), Appellant, v. Workmen's Compensation Appeal Board and Joseph W. Lawrence, Appellees.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard F. Stevens*, with him *Butz, Hudders & Tallman*, for appellant.

*Floyd E. Heller*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, August 15, 1974:

Joseph W. Lawrence (claimant), an employee of Olin Corporation, was injured while in the course of

his employment. It was alleged that the injury was in part or entirely the result of a malfunction of a gasket which caused Toluene Diisocyanate to spill, spray, leak, and flow onto the claimant.

Claimant commenced a civil action against the manufacturer of the alleged defective gasket, and Olin Corporation notified claimant's counsel that it had subrogation rights by virtue of the provisions of Section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §671.[1]

The record indicates that, as a result of claimant's failure to cooperate with his counsel and to prosecute the civil action, the suit was dismissed with prejudice. Prior to the taking of any testimony before the Workmen's Compensation Referee on claimant's petition for workmen's compensation benefits, counsel for Olin Corporation moved to dismiss the claim petition because

---

[1] The pertinent portion of Section 319 provided, at the time of the claimant's injury and the filing of his claim petition, as follows: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

claimant's civil action had been dismissed as a result of his failure to prosecute that action.

The referee granted Olin Corporation's motion and dismissed claimant's petition for compensation, "with emphasis that the same is ordered not on the merits of the claim, but solely procedurally."

The claimant appealed the referee's order to the Workmen's Compensation Appeal Board (Board). The Board, without hearing or the taking of any evidence, entered the following order: "The Findings of Fact, Conclusions of Law and Order of the Referee are set aside and this case is remanded to the Referee to give opportunity to hear on merits. Thereafter the Referee is to make new and appropriate findings, conclusions and disposition." Olin Corporation appealed from this order[2] and we affirm.

Olin Corporation advances a single contention. It contends that this appeal is controlled by *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), wherein we held that where the Board has taken no additional evidence, and the referee has found adversely to the claimant, we must rely on the facts as found by the referee if they are supported by substantial competent evidence. Of course, the Board also considers whether the referee has made errors of law. *Draco Development Corp. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 41, 312 A. 2d 463 (1973).

Here we are dealing, not with questions of fact as to the merits of the claim, but with a question of law and procedure. Our scope of review is limited to ascer-

---

[2] Since the question is not raised here as to whether or not the Board's order was interlocutory and the instant appeal therefrom premature, we do not consider that question. See *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973).

taining whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). We conclude that the referee made an error of law in deciding that the dismissal of claimant's civil action was a bar to his right to seek compensation benefits under The Pennsylvania Workmen's Compensation Act. Therefore, the Board properly remanded the case to the referee for a hearing and determination on the merits.

In *Stark v. Posh Construction Company,* 192 Pa. Superior Ct. 409, 415-16, 162 A. 2d 9, 12 (1960), we are reminded of the following:

"Prior to the workmen's compensation statute an employer was liable only for his negligence, and he had several defenses to common law actions brought by his employes. That statute created new liabilities upon the employer who was given in return a definite, fixed, limited liability set forth in the Workmen's Compensation Act. He was thereby freed from the indefinite, practically unlimited liability which could be imposed by a common law trespass action were he negligent.

"Justice required a further consideration: What was to happen if the employe was injured by the negligent act of a third party? The third party should not be relieved of its liability for its negligence; the injured person should not recover double for the same damage; the employer should not be financially damaged by being compelled to pay compensation to his employe made necessary by the negligence of the third party. Therefore, the Workmen's Compensation Act provided from its beginning that an employer should be entitled to subrogation *to the extent of his compensation payments,* which, of course, is the same

amount that the injured employe should not be entitled to receive because it would be double payment, and that the third party should be required to pay because his negligence caused the injury." (Emphasis added.)

Olin Corporation's perplexity is that the basis of subrogation is payment or the legal obligation to pay in the future. Not only has the claimant failed to proceed in his civil action against the alleged negligent third party, but Olin Corporation has not paid or agreed to pay any compensation relative to his claim for compensation benefits. Subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other. The right of subrogation is based upon considerations of equity and good conscience and, under the provisions of Section 319, could be enforced by the employer only after compensation is paid or is payable. *See Rehrer v. Service Trucking Co.*, 112 F. Supp. 24 (D. Del. 1953).

In *Wall v. Conn Welding & Machine Company*, 197 Pa. Superior Ct. 360, 179 A. 2d 235 (1962), it was held that "compensation payable," as used in Section 319, has a recognized and distinct meaning as words of art. It is the amount established by The Pennsylvania Workmen's Compensation Act in the schedule of payments as set forth in an award or agreement, whether accrued or payable in the future. Compensation payable is fixed by the settlement or award, presently due and payable in the future.

In the instant case, Olin Corporation has neither paid anything to the claimant nor become legally obligated by an award or agreement to do so. The genesis of its subrogation rights has not yet occurred.

We conclude that the employer's liability for workmen's compensation benefits is statutory and arises without regard to the possible liability of third persons. Here the liability of the manufacturer of the alleged malfunctioning gasket has never been established, and

Olin Corporation's position has to be premised on the assumption that claimant would have been successful in his civil action. This is an assumption we cannot accept as the sole basis for reversing the Board in this case. A subrogee must prove the negligence of the third party tort-feasor. *Travelers Insurance Company v. Hartford Accident and Indemnity Company*, 222 Pa. Superior Ct. 546, 294 A. 2d 913 (1972).

If the procedural history of this case results in unfairness to the employer and is a hiatus in the subrogation rights afforded by Section 319, then it is for the Legislature to remedy the matter. However, we cannot discern from The Pennsylvania Workmen's Compensation Act a legislative intent to preclude claimant from receiving a ruling on the merits of his claim for compensation benefits because he fails to prosecute with diligence a civil action against a third party who might possibly be held to have negligently contributed to or caused the injury to the employee.

Further, the subrogation rights of the employer under the provisions of Section 319, applicable to a third party tort-feasor, are preconditioned upon (1) a compensable injury's being caused in part by the act or omission of a third party and (2) a recovery against the third party or a compromise settlement by and between the employee and the third party. Here there has been no recovery against a third party nor has there been a compromise settlement. In addition, there has been no determination that a compensable injury was caused in part by the act or omission of a third party. *See Travelers Insurance Company v. Hartford Accident and Indemnity Company, supra.* Therefore, Olin Corporation has not established that it has available at this time any subrogation rights, the presumed loss of which was the basis for the referee's order.

Accordingly, the Board's order of remand is affirmed.