Duane S. Holman, Appellant, *v.* Workmen's Compensation Appeal Board, Heppenstall Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellees.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Alexander J. Pentecost,* for appellant.

*Harold F. Reed, Jr.,* with him *Reed, Sohn, Reed & Kunselman,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 13, 1975:

This is an appeal by Duane S. Holman (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) reversing a determination of the Referee who modified a supplemental agreement for compensation.

Claimant and Heppenstall Steel Company (Appellee) entered into a compensation agreement on December 11,

1967 which provided for payments at the weekly rate of $52.50 commencing November 28, 1967 for arm and heel injuries sustained when Claimant was hit by a forklift. Seven supplemental agreements, a final receipt set aside, and two awards by stipulation sought to conclude the parties' differences. The most recent supplemental agreement, dated August 25, 1971, provided for the weekly payment of partial disability of $9.04. Claimant contended in his petition to review this agreement that he was entitled to additional benefits. The Referee agreed but the Board reversed, and now comes Claimant to us.

By stipulation Claimant was not working during the following times for the following reasons: 27 weeks due to a reduction in work force from November 12, 1971 through March 24, 1972 and from July 13, 1972 through August 10, 1972 and from August 15, 1972 because of the plant closure.

The essence of the Referee's decision is found in Conclusion of Law number two which states:

"2. Since the claimant suffers a 25% disability as a result of injuries accidently sustained on November 20, 1967 which reflected itself in loss of earnings from November 12, 1971 through March 24, 1972 and from July 13, 1972, through August 10, 1972 and from August 15, 1972 to the present, he should be entitled to recover compensation in accordance with the Workmen's Compensation Act, as amended."

Section 413 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772 states in relevant part:[1]

---

1. As the review petition was filed March 20, 1972, prior to the effective date of the 1972 Amendments to the Act, the amended version of 77 P.S. §772 is not applicable to the instant case although the standard of change in condition in the amended version is identical.

"The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, *upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased,* or that the status of any dependent has changed. . . ." (Emphasis added.)

Here the Board held, and properly so, that Claimant presented "no medical evidence concerning a recurring, or an increasing, of any disability from the accident of November 20, 1967." As Judge Mencer wrote in *Wilkes-Barre Iron and Wire Works, Inc. and Pennsylvania Manufacturers' Association Insurance Company v. Workmen's Compensation Appeal Board and Meyers,* 9 Pa. Commonwealth Ct. 612, 614, 309 A. 2d 172, 173 (1973), "[t]he party seeking to modify a compensation agreement has the burden of establishing the allegations upon which he relies." Here Appellant has failed in that burden. Without a showing that the requirements of Section 772 have been met, the petition cannot be granted.

True, the Referee found that Claimant sustained "a 20 to 25% disability," but missing in these findings is the critically important determination that the disability is any greater than the disability established in the evidence prior to the petition for review. Some change in condition must be found to justify the modification. Absent evidence to show the change, the Referee is bound to find that Claimant failed to carry his burden. There is nothing in the record to support a finding of increase, decrease, recurrence or cessation of the original injury.

We affirm the Board and

ORDER

AND NOW, January 13, 1975, it is hereby ordered that Claimant's petition for review No. 143-729 be dismissed.