Allied Chemical Corporation and Travelers Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Richard T. Doolin, Appellees.

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

 

*Joseph J. Murphy*, with him, of counsel, *Murphy, Murphy & Murphy*, for appellants.

*Vincent B. Corsetti*, with him *Bank, Minehart & D'Angelo*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE KRAMER, January 16, 1975:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board), dated April 4, 1974, which affirmed a referee's award of compensation to Richard T. Doolin (Doolin).

On May 2, 1968, Doolin was employed as a laborer by the Allied Chemical Corporation (Allied). On that date a fire broke out at Allied's plant, and, while fleeing for safety, Doolin allegedly slipped and fell, injuiring his back. After receiving medical attention, Doolin returned to work at Allied, but, on May 23, 1968, his back was allegedly injured again while he was pulling a piece of conduit. Subsequent to this second injury, Doolin twice required hospitalization and extended medical care. The referee specifically found that two compensable "accidents" had occurred on the aforementioned dates, and an award for temporary disability and medical costs was entered.

Our scope of review in cases where the party with the burden of proof has prevailed below is to determine whether any necessary findings of fact are supported by substantial evidence, whether any errors of law have been committed, and whether constitutional rights have been violated. *David v. Bellevue Locust Garage*, 12 Pa. Commonwealth Ct. 602, 604, 317 A. 2d 341, 342 (1974).

Allied and its insurance carrier raise two issues, and we may quickly dispose of one of them. It is suggested that error was committed by virtue of the fact that sev-

eral referees heard testimony in this case, while the adjudication was rendered by only one referee, who, necessarily, did not personally hear all of the evidence. No objection to this procedure was made below, nor was it specifically excepted to by Allied. In such circumstances, as we have said before, the question has not been properly presented to this Court, and, accordingly, we will not discuss it further. *See Muser v. I.B.M. Corporation,* 13 Pa. Commonwealth Ct. 12, 14, 317 A. 2d 352 (1974) and *United States Steel Corporation v. Simon,* 9 Pa. Commonwealth Ct. 281, 287, 305 A. 2d 913, 917 (1973).

Allied also questions whether there is "sufficient competent evidence of record upon which the award can be based" and/or whether there has been "a capricious disregard of the competent evidence.[1]" It should be pointed out that Allied offered no evidence by way of defense to Doolin's claim, and the only testimony was given by Doolin himself, an eyewitness to the first accident, and Doolin's doctor.

Specifically, Allied questions the sufficiency of Doolin's medical evidence, and its relationship to proof of the accident itself. As is common in any case involving personal injury, the testimony of a doctor was required to establish the causal relationship, and the expert's ultimate conclusion was based upon a hypothetical question which assumed certain facts related to the incident which allegedly caused the injury. As noted above, Doolin's doctor was the only medical witness, and there can be no question regarding the unequivocal nature of his conclusion. Dr. Lodise said, in response to questioning by Doolin's counsel, that "I can say with medical certainty that the injury sustained by Mr. Doolin on May 23rd and May 2, 1968 are [the] direct cause of his present disability."

---

1. The proper test where the party with the burden of proof prevails below is the substantial evidence test mentioned above and not the "capricious disregard" test.

This statement was elicited through a question that assumed an "accident" had occurred, and, in this connection Allied cites *Collins v. Hand,* 431 Pa. 378, 390-91, 246 A. 2d 398, 404 (1968) for the proposition that "the opinion of the expert does not constitute proof of the facts necessary to support the opinion." This is undoubtedly true, but the principle enunciated in *Collins* does not negate the effect of independent proof of the matters assumed by the hypothetical question. This record contains an uncontradicted description of the accidents in question, and such testimony, if believed, is sufficient to form a basis for the doctor's conclusions on causation and disability. Accordingly, we

### ORDER

AND NOW, this 16th day of January, 1975, it is hereby ordered that the Allied Chemical Corporation and/or its insurance carrier, Travelers Insurance Company, pay Richard T. Doolin compensation at the rate of $60 per week for a period of 10 6/7 weeks, beginning May 23, 1968, and ending August 7, 1968, and, thereafter, for a period of 10 4/7 weeks, beginning December 21, 1968, and ending March 6, 1969; and it is further ordered that, thereafter, any compensation and payments are suspended until Richard T. Doolin's disability resolves itself in further loss of wages; and, it is further ordered that the Allied Chemical Corporation and/or its insurance carrier, Travelers Insurance Company, pay the following medical expenses incurred by Richard T. Doolin:

| | |
|---|---|
| St. Joseph's Hospital | $ 2.00 |
| Dr. Raymond J. Lodise | 197.00 |
| Dr. Lester Kent | 10.00 |
| Sauer Company | 51.00 |
| Total | $260.00 |

The above awards of compensation shall bear interest at the rate of six percent (6%) per annum.