Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Philadelphia Electric Co. *v.* Samuel S. Fischer, Appellant.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard A. Weisbord*, with him *Freedman, Borowsky and Lorry*, for appellant.

*Thomas F. McDevitt*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, July 9, 1975:

Claimant-appellant was employed as a salesman for employer-appellee when, on October 9, 1962, his back was injured in a compensable accident. He was paid total disability payments for 65 weeks. On January 8, 1964, employer-appellee filed a petition to terminate benefits which, on January 24, 1964, was amended to a petition to modify benefits from total disability to partial disability. Thereafter followed a long period of on-again off-again negotiations between the parties, examinations by doctors, taking of depositions, appointment of an impartial physician and, finally, a referee's decision on December 5, 1973. By this time, the employer, who had begun making partial disability payments instead of total disability payments in January, 1964, had paid out the full 350 weeks of benefits permitted for partial disability

under the then applicable provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §1, et seq.

The referee terminated the compensation effective September 30, 1970, the date that the 350-week period of partial disability payments expired, for the stated reason that the claimant had "capriciously refused and continued to refuse during the entire period said partial disability had to run" reasonable medical and hospital treatment offered by the employer. The Workmen's Compensation Appeal Board affirmed on September 24, 1974. While the Board seems to have treated the petition before it as a petition to terminate rather than the amended petition to modify, it affirmed on the same grounds as stated in the referee's opinion. Claimant has appealed to us.

Were we to reach the issue of refusal of medical services,[1] we would have some difficulty finding support in the record for the conclusion reached by the referee and the Board. We must, however, reverse for another reason.

It is settled that the burden is on the party seeking to modify the compensation agreement to establish that the degree of disability has changed. *Van Horn v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 473, 316 A.2d 686 (1974). When the sought after modification is a reduction from total disability to partial disability, a necessary part of the employer's burden is to show that partial disability work is available. *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968); *Petrone v. Moffat Coal Company,* 427 Pa. 5, 233 A.2d 891 (1967). Judge CRUMLISH, speaking for this Court, covered this squarely in *Connolly v. Campbell,* 8 Pa. Commonwealth Ct. 99, 301 A.2d 109 (1973). No such showing was ever attempted by the

---

1. Section 306(e) of The Workmen's Compensation Act, 77 P. S. §531 (Supp. 1974-1975).

employer here and, therefore, the employer has failed to carry its burden of establishing a change from total disability.

A review of the record raises a very serious question as to whether claimant-appellant, on the merits, was ever entitled to compensation. However, such a question could not be raised properly and was not raised in this petition to terminate or modify.

Accordingly, we enter the following

ORDER

Now, July 9, 1975, the order of the Workmen's Compensation Appeal Board, dated September 24, 1974, terminating benefits to Samuel S. Fisher, effective September 30, 1970, is reversed. The record is remanded to the Board for a determination of the amount of compensation due claimant, together with interest thereon at the rate of six percent per annum, from the date that each payment was due, all within the limitations of The Pennsylvania Workmen's Compensation Act.