Universal Cyclops, Appellant *v.* Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Pete Mahoric, Appellees.

Argued October 30, 1975, before President Judge BOWMAN and Judges ROGERS and BLATT, sitting as a panel of three.

*Harold V. Fergus, Jr.,* with him *Fergus, Martin & Fergus,* for appellant.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, November 25, 1975:

On November 20, 1969, appellee suffered a compensable accident while working for appellant. The parties entered into a compensation agreement resulting in payment for total disability. Appellant thereafter filed a termination petition alleging appellee could return to work as of August 30, 1970. The petition was dismissed and compensation continued on the basis of fifty percent partial disability. On February 16, 1972, appellee filed a review petition alleging he was again totally disabled. A hearing was held on May 15, 1972, after which the referee returned the appellee to total disability benefits retroactive to February 26, 1972. The Workmen's Compensation Appeal Board affirmed the referee's decision and the question is now on appeal to this Court.

Appellant contends that there is no evidence that the appellee's condition has changed from partial disability. A party seeking to modify workmen's compensation benefits has the burden of proving a change in conditions justifying the modification sought. *Holman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 248, 329 A.2d 919 (1975); *Henderson v. Air Master Corporation,* 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971). In this case, the referee found "that the claimant has met the burden imposed by the Workmen's Compensation Act, as amended, in proving a recurrence of total disability. . . ."

The referee is the judge of the credibility of testimony and his factual findings must be affirmed if supported by competent evidence. *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975); *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

A review of the record reveals conflicting testimony concerning an increase in the degree of appellee's disability. Appellee's medical witness, Dr. Samuel Sherman, testified in support of the review petition. Appellant produced contrary testimony from its medical expert, Dr. Charles W. Vates.

Appellant contended Dr. Sherman was not competent to testify as to a change in condition in that he had no knowledge of his prior condition. However, Dr. Sherman had appellee's own personal statement of his history and the referee had the past testimony of other medical experts to compare to Dr. Sherman's statement of appellee's present condition. Additionally, the appellee testified to increased medical problems and a worsening of his condition.

As is his duty in cases of conflicting testimony, the referee reviewed the record and made a determination supported by competent evidence. As was the Workmen's Compensation Appeal Board, we are bound to affirm.

We, therefore, enter the following

### ORDER

Now, November 25, 1975, the order of the Workmen's Compensation Appeal Board, dismissing the appeal of Universal Cyclops, dated April 11, 1974, is hereby affirmed.