Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and William E. Nicholson v. American Can Company, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Robert A. Detweiler,* for appellant.

*Joseph Lurie,* with him *Roland J. Artigues,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 3, 1975:

The Workmen's Compensation Appeal Board (Board) affirmed the referee's order granting the petition of William E. Nicholson (Claimant) to set aside a final receipt and awarding him compensation benefits. His employer, American Can Company (Employer) appeals.

Claimant suffered a compensable accident on October 29, 1970 when his left hand was pulled into a feed roller. Claimant and Employer executed a compensation agreement on November 4, 1970. On March 22, 1971, a final receipt was executed. On November 1, 1971, Claimant filed a modification petition which was later amended to a petition to set aside final receipt. In his petition, Claimant alleged that he had suffered a permanent loss of the use of his entire left hand as a result of the 1970 injury. The referee found as a fact that although Claimant has continued to work since the date of the final receipt, his injury has resolved itself into the permanent and total loss of use, for all practical purposes, of his left hand. The referee found that Claimant's left hand now functions solely as an extension of the left forearm and is used as a post or stabilizer without power of pull, hook, grasp or pinch. Accordingly, the referee set aside the final receipt and awarded Claimant compensation benefits for the permanent loss of use of the left hand.

Employer appealed to Board which found that the referee's decision was supported by competent evidence. The Board affirmed the referee's findings of fact, conclusions of law and award. Hence this appeal, which we find to be without merit.

At the outset, we reiterate: The burden of proof in an action to set aside a final receipt in a workmen's compensation case is on the claimant. *Universal Cyclops v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 375, 320 A. 2d 449 (1974) ; *Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 317 A. 2d 901 (1974). The burden of proof also is on the claimant when he seeks to modify a workmen's compensation agreement. *Holman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 248, 329 A. 2d 919 (1975).

Our scope of review in a workmen's compensation case where the party with the burden of proof prevailed

before the Board is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Allied Chemical Corp. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 277, 330 A. 2d 550 (1975) ; *Draco Development Corp. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 41, 312 A. 2d 463 (1973) ; *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

Mindful of our scope of review in the instant appeal, we consider it to be the responsibility of the referee to resolve conflicts in testimony by weighing the credibility of the witnesses. His decision to accept testimony of one competent witness over another is binding upon the reviewing court. *Periodical Press Corp. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 340, 331 A. 2d 605 (1975) ; *Servomation Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 199, 325 A. 2d 344 (1974).

We hold that the testimony of Dr. Seymour Shlomchik, an orthopedic surgeon, is competent and amply supports the referee's finding that Claimant's injury has resolved itself into the entire loss of use, for all practical purposes, of his left hand. The Board, having heard no additional evidence, correctly applied its standard of review. Therefore, we issue the following

ORDER

AND NOW, this 3rd day of December, 1975, the order of the Workmen's Compensation Appeal Board affirming the findings of fact, conclusions of law and award of the referee is hereby affirmed.