Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Hays Ordnance and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier *v.* James I. Morton, Appellant.

Argued October 30, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Thomas P. Geer*, for appellant.

*Leonard P. Kane, Jr.*, with him *Brandt, McManus, Brandt and Malone*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE KRAMER, January 7, 1976:

This is an appeal by James I. Morton from an adjudication of the Workmen's Compensation Appeal Board which affirmed a referee's decision denying Morton's peti-

tion for modification. The issue in this case is whether the referee capriciously disregarded competent evidence. We conclude that he did not and affirm.

Morton was employed by Hays Ordnance (Hays) when he severely injured his left leg in a work-related accident on August 15, 1967. Morton and Hays executed a compensation agreement for total disability and compensation under that agreement continued until October 29, 1970, except for a few days when Morton returned to work. On October 29, 1970, Morton and Hays executed a Supplemental Agreement which provided that Morton's disability resolved itself on February 7, 1968, into the industrial loss of use of the leg. The Supplemental Agreement provided for compensation at the rate of $52.50 per week for 215 weeks beginning February 7, 1968, with Hays being given credit for compensation already paid. Morton has been paid in full in accordance with the provisions of the Supplemental Agreement.

On February 24, 1972, Morton filed the Petition for Modification which is the subject of the instant case. The Petition alleged that Morton is totally disabled because of injuries to his back and leg resulting from the 1967 accident. Hearings were held before a referee, and on August 6, 1974, the referee issued his adjudication holding that Morton is not entitled to a modification of his prior agreement. The referee found (1) that Morton failed to prove by sufficient competent evidence that he suffers any disability resulting from his accident other than the injury to his leg; (2) that Morton has been fully compensated for the loss of use of his leg; and (3) that any disability of Morton's back is not causally related to the 1967 accident or to the injuries received in that accident. Morton appealed to the Board, which affirmed the referee.

In his appeal to this Court Morton argues (1) that the referee's findings of fact and conclusions of law are not sufficient to resolve the issues of fact and law involved

in this case; (2) that there is not sufficient competent medical evidence to support the referee's decision; (3) that the case should be remanded for an impartial medical examination; or (4) that compensation should be awarded for the period from the end of the specific loss payments to the date of Morton's examination by Hay's medical witness.

In a case such as this where the party with the burden of proof[1] has not prevailed below, our scope of review is to determine if the findings of fact are consistent with each other, with the conclusions of law and with the order, and can be sustained without a capricious disregard of competent evidence.[2]

Morton argues that the referee's findings fail to resolve the issues of fact involved in this case. We disagree. It was not necessary to make any findings concerning the extent of Morton's back disability because the referee found that any back disability which does exist was not caused by the 1967 accident or the leg injury. When a decision is rendered against a party with the burden of proof, findings need only be rendered which are sufficient to support the conclusion that the party has failed to sustain any element of the burden.

Morton also argues that there is not sufficient evidence to support the referee's decision. This argument has no merit. Two medical witnesses testified in this case, one for Morton and one for Hays. Both doctors agreed that Morton suffers from a degenerative disc problem which predates the 1967 accident. Morton's medical witness testified that the accident caused the back problem to

---

1. The burden of proof is on the party seeking to modify a compensation agreement. *Holman v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 248, 329 A.2d 919 (1975).

2. *Westinghouse Electric Corporation v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 152, 331 A.2d 221 (1975).

become symptomatic, while Hays' medical witness testified that there was no causal relationship between Morton's leg injury and his degenerative disc problem. The referee's decision to accept one expert's testimony and reject the other's was not a capricious disregard of competent evidence.

Morton argues that the Board should have remanded in order to receive testimony from an impartial medical witness.[3] The Board could not remand for an impartial examination because the referee's findings are supported by sufficient competent evidence. See Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

Morton also argues that compensation should be awarded from the date of expiration of the specific loss payments to the date of the examination by Hays' medical witness. This argument clearly has no merit. The referee's finding on causation, which is supported by the evidence, relates to the period of time prior to the examination by Hays' medical witness.

We hold that the referee has not capriciously disregarded competent evidence and we therefore

ORDER

AND NOW this 7th day of January, 1976, the order of the Workmen's Compensation Appeal Board, dated January 30, 1975, dismissing James Morton's Petition for Modification, is hereby affirmed.

---

3. See Section 420 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §831 et seq.