Virgil Turner *v.* Jones & Laughlin Steel Corporation. Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Jones & Laughlin Steel Corporation, Appellant.

Argued May 7, 1976, before President Judge Bowman and Judges Mencer and Rogers, sitting as a panel of three.

*Carl B. Fried,* for appellant.

*William R. Caroselli,* with him *Thomas W. Henderson, McArdel, Henderson, Caroselli, Spagnolli & Beachler,* and *James N. Diefenderfer,* for appellees.

Opinion by President Judge Bowman, June 30, 1976:

This is an appeal by Jones & Laughlin Steel Corporation from a decision of the Workmen's Compensation Appeal Board which affirmed a referee's decision modifying an agreement of compensation for total disability and awarding compensation for a specific loss of use of both legs. We reverse.

As the result of a work-related injury on May 24, 1972 (transection of the spinal cord suffered in a fall), Claimant Virgil Turner and Appellant entered into an open agreement for total disability. Pursuant to that agreement, Claimant has been paid total disability benefits at a weekly rate of $94.00. In June of 1973, Claimant filed a Modification Petition to have his disability changed from total to one of permanent loss of use of both legs. At the direction of the Board, a referee held hearings and on April 10, 1975 rendered a decision modifying the agreement and finding a specific loss of use of both legs. From that decision, Appellant took a timely appeal to the Board which affirmed the referee's findings of fact and conclusions of law. The present appeal followed.

The law is clear that the burden of proof is on the party seeking to modify the compensation agreement to establish that the degree of disability has changed. *W.C.A.B. v. American Can Co.,* 22 Pa. Commonwealth Ct. 164, 347 A.2d 746 (1975); *W.C.A.B. v. Fischer,* 20 Pa. Commonwealth Ct. 183, 341 A.2d 536 (1975). "In a case such as this, where the party with the burden of proof prevailed before the referee and the Board did not take additional evidence, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or any necessary finding of fact, as found by the referee, was unsupported by substantive evidence." *W.C.A.B. v. McGraw Edison,* 20 Pa. Commonwealth Ct. 548, 551-52, 342 A.2d 445, 448 (1975). From an examination of the testimony of Claimant's physicians, it is clear to us that the Claimant's physical condition has not changed since the time of his injury, he has lost the use of his body from the nipple line down and therefore he has failed to establish any change in his condition to something less than total disability. As we stated in *Holman v. W.C.A.B.,* 17 Pa. Common-

wealth Ct. 248, 250, 329 A.2d 919, 920 (1975): "Some change in condition must be found to justify the modification. Absent evidence to show the change, the Referee is bound to find that claimant failed to carry his burden." Critical to the Claimant's case is the determination that the disability has in some respect changed so as to warrant a modification; there is nothing in the record to support such a finding.

Claimant urges that because the statute is to be liberally construed, we should be able to uphold whichever award will result in the greatest economic advantage to the Claimant, regardless of the actual facts of the case. Similarly, Claimant points to the benefit which will accrue to him under his retirement contract if a specific loss is found instead of total disability. Considerations of relative retirement benefits are irrelevant to our determination as to whether Claimant has met his burden; the liberal statutory construction concept cannot overcome well established law. It remains for Claimant to establish something less than total disability in order to recover for specific loss. We do not go so far as to require that Claimant establish that there are jobs available which he is capable of performing, but we would expect that he show some amelioration of his condition. Since Claimant failed to establish any such change, his petition for modification must be disallowed.

Therefore, we issue the following

ORDER

AND Now, this 30th day of June, 1976, the order of the Workmen's Compensation Appeal Board in the above-captioned matter, dated December 5, 1975, is hereby reversed.

Judge KRAMER did not participate in the decision in this case.

Judge ROGERS dissents.