## Nationwide Insurance Company v. Rigid Ply Rafters Inc.

*Cary W. Valyo,* for plaintiff.

*Robert M. Frankhouser Jr.,* for defendant Rigid Ply Rafters Inc.

*Charles E. Wasilefski,* for defendant Metropolitan Edison Company.

GATES, *P.J.,* September 15, 1989 — Plaintiff, Nationwide Insurance Company, is alleged to be the workmen's compensation insurance carrier for Springfield Floor Covering, the employer of Eric E. Schnetzka. The complaint alleges that Schnetzka was injured on May 24, 1985 when a crane operated by an employee of defendant, Rigid Ply Rafters Inc., came in contact with a high voltage power line of defendant, Metropolitan Edison Company. Plaintiff claims it made payments to Schnetzka for his work loss and medical loss sustained as a result of the accident.

Plaintiff initiated this action by filing a praecipe for a writ of summons on February 13, 1987. Each of defendants was served by a deputy sheriff on February 17, 1987. In each instance service was made by handing a copy of the writ to a representative of defendants at their respective places of business.

Defendant, Metropolitan Edison, has filed preliminary objections to plaintiff's complaint. The first objection is that plaintiff has failed to state a cause of action or claim upon which relief can be granted. The second objection is that original service of process was improper.

Section 319 (77 P.S. §671) of the Pennsylvania

Workmen's Compensation Act provides the basis for a subrogation claim by a workmen's compensation carrier. This section provides:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employee, his personal representative, his estate or his dependents." 77 P.S. §671.

Defendant argues that plaintiff cannot bring an action for subrogation against the third-party tortfeasors because the injured employee has foregone his right to pursue an action against the third-party tort-feasors. According to defendant, plaintiff is suing in its own right and not through the derivative rights of the injured employee. Defendant asserts that the right to subrogation only arises when a fund is developed as a result of action taken by the injured employee against the third-party tort-feasor.

In support of this position defendant cites passages from several cases. These passages state generally that an employer or an insurer may recover benefits it has paid to the employee, such recovery to be obtained from compensation recovered by the employee from the third-party. See *Reliance Insurance Company v. Richmond Machine Company,* 309 Pa. Super. 430, 455 A.2d 686 (1983); *Moltz v. Sherwood Brothers Inc.,* 116 Pa. Super. 231, 176 Atl. 842 (1935). These cases also indicate the right of the insurer is derivative from the rights of the employee and the action must be brought on behalf of the employee.

Defendant goes on to cite a passage from *Olin Corporation (Plastics Division) v. Workmen's Compensation Appeal Board,* 14 Pa. Commw. 603, 324 A.2d 813 (1974), stating the "rights of the employer are preconditioned upon . . . a recovery against the third party or a compromise settlement by and between the employee and the third party." *Olin Corporation* at 609, 324 A.2d at 817. The lack of a ·recovery or settlement was crucial in that case because the employer was seeking to avoid workers' compensation liability. In the case at hand plaintiff is not seeking to avoid workers' compensation liability but is attempting to establish the liability of third-party tort-feasors to Schnetzka.

Finally, defendant cites *Whirley Industries Inc. v. Segel,* 316 Pa. Super. 75, 462 A.2d 800 (1983), where it is stated that an "action against a third-party tort-feasor must be brought by the injured employee . . . the employee victim must sue." *Whirley Industries* at 79, 462 A.2d at 802. *Whirley,* however, deals with an employer seeking recovery for its increased worker's compensation insurance premiums from the third party rather than an action to establish the liability of the third party to the employee.

The proper procedure for an employer or insurer to enforce its subrogation rights is to proceed in an action brought on behalf of the injured employee to determine the liability of the third party to the employee. *Reliance Insurance Company, supra.*[*] A

---

[*] Passages in *Moltz* and *Olin Corporation* also support this manner of proceeding. "The employer's right of subrogation must be worked out through an action brought in the name of the injured employee." *Moltz,* 116 Pa. Super. at 234, 176 Atl. at 843. "A subrogee must prove the negligence of the third-party tort-feasor." *Olin Corporation,* 14 Pa. Commw. at 609, 324 A.2d at 816. Also "it seems to be optional where the carrier sues, (and the employee has not instituted an action), whether the carrier's suit in such case would

cursory look at plaintiff's complaint indicates plaintiff is seeking to establish the liability of defendants to Schnetzka, the injured employee. The action was brought on behalf of Schnetzka.

*Reliance Insurance Company* also provides that the applicable statute of limitations is that which would be applicable to an action by an employee against a third-party tort-feasor. Plaintiff initiated this action within two years after the accident, complying with the statute of limitations. The crux of *Reliance Insurance Company* is that a workers' compensation insurance carrier may not seek indemnity or contribution from the third-party tort-feasor but is limited to a subrogation action. Clearly plaintiff is not seeking indemnity or contribution from defendants. Plaintiff has properly stated a cause of action against defendants.

Defendant's second objection concerns the service of the reinstated complaint by mail on September 21, 1987. Defendant claims this was original process and service was improper under rule 402 of the Pennsylvania Rules of Civil Procedure. Original process in this case was by writ of summons. Service was made in compliance with rule 402 on February 17, 1987 when the deputy sheriff served the writ at defendant's place of business. It was, therefore, proper to serve the complaint by mail as provided by rule 440 of the Pennsylvania Rules of Civil Procedure.

## ORDER OF COURT

And now, September 15, 1989, for the reasons set forth in the accompanying opinion, the preliminary objections of defendant, Metropolitan Edison Company, are hereby denied.

---

proceed in the name of the carrier itself or in the name of the employee." Barbieri, Pa. Work. Comp. §5.46(1).