## Harascak *v.* Department of Highways (Commonwealth, Appellant).

Argued June 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles J. Bufalino, Jr.,* Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Edmund J. McCullough,* with him *Eugene E. Duffy,* for appellee.

OPINION BY JACOBS, J., September 18, 1970:

The sole issue in this case is whether the Workmen's Compensation Board capriciously disregarded the evidence before it in denying compensation.

Michael Harascak worked in the anthracite mines from 1918 to 1952. From 1953 to September 1955 he was employed by the Pennsylvania Railroad. From September 1955 to April 12, 1963, he was employed by the Pennsylvania Department of Highways. He became totally disabled from anthracosilicosis on December 2, 1965, and died March 26, 1966, from a heart attack induced by his lung condition.

On February 17, 1966, Michael filed a claim for compensation under The Pennsylvania Occupational Disease Act. On June 2, 1966, his widow filed a fatal claim petition under the same act. The board found

that Harascak was not exposed to the hazard of silicon dioxide during his employment by the Pennsylvania Department of Highways[1] and denied compensation.[2]

Upon appeal to the Court of Common Pleas of Luzerne County, that court found that Harascak was exposed to the hazard of silicon dioxide during the period of his employment by the Pennsylvania Department of Highways. It awarded compensation to the widow and directed the Commonwealth to pay $500 of the expenses of burying Harascak.

Whether or not Harascak was exposed to the hazard of silicon dioxide during his employment by the Department of Highways is a question of fact. It is the function of the Workmen's Compensation Board to decide all questions of fact and the function of the courts to decide the questions of law. *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 207, 133 A. 256, 258 (1926). While courts do have the power to determine as a matter of law whether the board's findings of fact are supported by competent evidence, on appeal from a decision of the board by the party having the burden of proof, as here, the board's findings of fact must be sustained unless they capriciously disregard competent evidence or unless they are inconsistent with each other

---

[1] This finding automatically defeated both claims because in order to recover for occupational disease it must be for total disability occurring within four years after the date of the claimant's last employment in the industry in which he was exposed to the disease. See section 301(c) of The Pennsylvania Occupational Disease Act, as amended, 77 P.S. §1401(c).

[2] The board found that Harascak was exposed to a silica hazard while he worked in the coal-mining industry from 1918 to 1952 and awarded his widow the sum of $75 a month from December 2, 1965, the date total disability occurred, to March 26, 1966, the date of Harascak's death, under section 301(i) of The Pennsylvania Occupational Disease Act, 77 P.S. §1401(1), which provides for such payments to a totally disabled employee whose compensation claim has been barred by a time limitation.

or with either the board's conclusions of law or its order. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A. 2d 668 (1968); *Peron v. Phoenix Park Coal Co.*, 202 Pa. Superior Ct. 495, 198 A. 2d 370 (1964).

In this case both claimants had the burden of proving that Harascak was exposed to a silica hazard while employed by the Department of Highways. *Chilcote v. Leidy*, 207 Pa. Superior Ct. 345, 217 A. 2d 764 (1966). No effort was made to show that Harascak's employment by the Department of Highways was in an occupation or industry in which silicosis is a hazard which would have shifted the burden under section 301(f) of The Pennsylvania Occupational Disease Act, 77 P.S. §1401(f).

Michael Harascak was a construction inspector for the Pennsylvania Department of Highways from 1955 to 1963. One Robert Brogan who had been a fellow construction inspector testified on behalf of the claimants. He explained that it was Harascak's job to inspect the stone and stone dust as it was placed on a highway being constructed. He said that Harascak was required to stand in the dust from fifty to one hundred truckloads of stone and stone dust dumped on the highway daily; that the stone and stone dust were dumped only on dry days; that the air was so full of dust it affected visibility; that the dust would remain in the air for eight hours and that Harascak did this work for five months out of each year he worked for the Department of Highways. He said that Harascak wore a respirator furnished him by the department. He further testified that the rock which Harascak inspected came from two quarries in White Haven.

Dr. Dale Simpson, a qualified geologist, testified that he examined samples of rock taken from the two quarries. His examination showed that the samples contained more than 90% silica. He said that during

the hauling, dumping and crushing of the rocks silica dust could be emitted into the air, but that he didn't know the size of the particles of silica that would be in the crushed rock nor how much of the particles would be ejected into the atmosphere when dumped from the truck.

Dr. Fedullo, a physician, first examined Harascak April 29, 1963. He had Harascak's chest x-rayed on April 29, 1963, and August 30, 1965. He concluded that Harascak was totally disabled on December 2, 1965, because of anthracosilicosis. It was his opinion that both Harascak's exposure in the anthracite mines and on the highway construction job contributed to the disease. He signed the death certificate.

At a later hearing Dr. Stish, a physician, testified that in his opinion the eight-years employment with the Department of Highways contributed to Harascak's disability. That hearing was held subsequent to Harascak's death and Dr. Stish had never examined him. Dr. Stish was permitted to testify from Harascak's medical history and his discussions with Dr. Fedullo who was ill at that time.

In concluding that Harascak was not exposed to a silica hazard in his last employment, the board rejected the medical testimony that Harascak was so exposed because it was not supported by the record. It held that there was no evidence regarding the composition of the dust on the highway; that the geologist's testimony only disclosed the presence of silica in the stone which he examined. The court below agreed that the board had a right to reject the medical testimony on exposure, but held that disregard of the other testimony including that of the geologist was capricious.

We find no capricious disregard of competent testimony. As the board implies, there is no direct testimony as to the composition of the dust on the high-

way. At most there could be an inference from the geologist's testimony that the dust came from the stone and could contain silica. However, the board refused to draw that inference and it is the board's function to draw reasonable inferences, not the court's. "Even where the evidence presented is subject to several inferences, the inference to be adopted is for the board. . . ." *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 397, 43 A. 2d 616, 618 (1945). Obviously the board did not disregard any direct evidence of exposure. Failure to draw an inference of exposure from circumstantial evidence is not capricious disregard of competent testimony. We have equated "capricious disregard" with "capricious disbelief" and in workmen's compensation cases used the following quotation from *Pusey's Estate,* 321 Pa. 248, 262-63, 184 A. 844, 850 (1936), as the criterion: "To constitute capricious disbelief there must be a wilful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. . . . [I]t must be so flagrant as to be repugnant to a man of reasonable intelligence." See *Chilcote v. Leidy,* supra. While there might be a difference of opinion as to what inferences should have been drawn, the evidence was not so overpowering that the board's conclusion was repugnant.

The orders of the court below are reversed and the orders of the Workmen's Compensation Board are reinstated.

———

Dissenting Opinion by Hoffman, J.:

Judge Jacobs has ably summarized the facts involved in this case. I differ with him only in regard to the reasonableness of the findings of the Workmen's Compensation Board.

Where the decision of the Workmen's Compensation Board is against the party having the burden of proof, the question before the reviewing court is whether the board's findings of fact are consistent with each other and with its conclusions of law, and whether the findings can be sustained without a capricious disregard of competent evidence. *Stampone v. Anthony Dally & Sons, Inc.*, 188 Pa. Superior Ct. 615, 149 A. 2d 129 (1959).

The board based its decision on the fact that no evidence was presented disclosing the content or composition of the dust at the locations where claimant worked. A qualified geologist, however, testified that samples of rock with which decedent worked consisted of at least 90% silica. Testimony was also offered as to the large quantities of dust that permeated the area, resulting from the dumping, vibrating and levelling of rock, all performed in the presence of the decedent. Appellant offered no testimony in rebuttal.

Though it accepted the competence and credibility of all of this evidence, the Workmen's Compensation Board nevertheless held that there was insufficient proof of exposure to a silica hazard. This conclusion is not reasonable. When a man constantly works in the presence of substantial quantities of dust coming from rock composed of at least 90% silica, it is unreasonable not to infer that he is subject to a silica hazard. This is exactly what decedent's evidence proved. Failure to draw the only logical conclusion from clear and uncontroverted testimony constitutes "capricious disregard of competent evidence."

I would therefore affirm the order of the court below.