## Bear *v.* Hartan's Sales and Service.

Argued February 8, 1973, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Richard F. Stevens,* with him *Thomas F. Traud, Jr.,* and *Butz, Hudders & Tallman,* for appellant.

*William L. Kovacs,* with him *Joseph F. Leeson,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 9, 1973:

This is an appeal from a decision of the Workmen's Compensation Appeal Board which denied benefits to the claimant.

Claimant was employed by appellee-employer for seven years as a typewriter repairman. On an average work day, he would lift two or three typewriters from the floor to his workbench.

On December 31, 1969, an extraordinary situation arose when eighteen boxed typewriters averaging sixty pounds each were delivered to appellee's shop. The claimant, the only employee present at the time, lifted them from the truck and carried them to the sales room. In so doing, he experienced chest pain. Prior to the time of this particular exertion, he suffered from arteriosclerosis and hypertension.

The pain persisted until January 8, 1970, when he was admitted to Allentown Hospital. Doctor Martin Silverman diagnosed claimant's condition as a myocardial infarction.

On January 23, 1970, claimant filed a claim petition under the provisions of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1, et seq., alleging that he sustained the myocardial infarction as a result of the unusual exertion of the preceding December 31.

The employer's position, as maintained in its answer, challenged the claimant's contention that the myocardial infarction resulted from the unusual exertion on December 31st and attributed the infarction to the exertion he expended in shoveling snow around his home on December 25th and 26th.

After two evidentiary hearings, the referee found for claimant. The Board reversed the referee without

taking additional testimony and this decision was affirmed by the Lehigh County Court of Common Pleas.

The claimant-appellant argues that the Board's finding of a lack of causal relationship between the exertion on December 31st and the infarction is not supported by legally competent evidence.

With this we cannot agree.

The scope of review by the Commonwealth Court of Pennsylvania in a workmen's compensation case decided adversely to the claimant is limited to a determination of whether there has been a capricious disregard of evidence and whether the Board's findings are consistent with each other and with its conclusions of law. *Whitehead v. Casey Building Wreckers, Inc., et al.*, 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972); *Billet v. Keystone Roofing Manufacturing Company, et al.*, 6 Pa. Commonwealth Ct. 23, 291 A. 2d 921 (1972).

It should also be remembered that the burden is upon the claimant to establish the necessary elements in support of recovery. *Bullock, et al. v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A. 2d 520 (1972).

Since both parties agree that appellant would be entitled to compensation under *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969), if the unusual exertion at work on December 31st is causally related to the myocardial infarction, the sole issue here is whether the Board was guilty of a capricious disregard of competent evidence in finding that the claimant-appellant had failed to prove such a causal connection.

To reverse an order of the Board on the ground that the Board capriciously disregarded competent evidence in making its findings, the reviewing court must determine that such action was so flagrant as to be repugnant to a man of reasonable intelligence. *Rondolone v. Louis Dolente and Sons and Insurance Company*

*of North America,* 3 Pa. Commonwealth Ct. 450, 283 A. 2d 511 (1971).

Claimant testified that his employment as a typewriter repairman was sedentary in nature. He contrasted this to the physical exertion required in unloading eighteen boxed typewriters. While lifting these typewriters, he experienced chest pains which did not subside until after his hospitalization on January 8, 1970.

On cross-examination, appellant conceded that he had suffered pain in the same area on December 26th while shoveling snow at his residence. These pains persisted until the evening of December 30th when they dissipated.

Doctor Silverman testified on behalf of the appellant, offering his opinion that the myocardial infarction occurred as a result of appellant's physical activities on December 31st. Various tests revealed that the infarction did not occur within the forty-eight hours preceding the appellant's hospitalization on January 8th. Doctor Silverman formulated his opinion that December 31st was the date of the myocardial infarction by reviewing the "total picture."

A Doctor Ballard, on the other hand, testified that no precise date of appellant's myocardial infarction could be determined. The Board elected to accept Doctor Ballard's testimony and concluded that the claimant had failed to establish the causal connection between the unusual exertion and his myocardial infarction.

As our brief summary of the evidence indicates, the Board in so concluding did not capriciously disregard competent evidence and its decision must be affirmed.

Affirmed.