Phyllis J. Muser, Widow of Howard Muser, Appellant, *v.* I.B.M. Corporation, Liberty Mutual Insurance Company and Workmen's Compensation Appeal Board, Appellees.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*George A. D'Angelo*, with him *Truscott & Erisman*, for appellant.

*Lowell A. Reed, Jr.*, with him *Rawle & Henderson*, for appellee.

OPINION BY JUDGE KRAMER, April 4, 1974:

This is an appeal filed by Phyllis J. Muser (Muser) from an order of the Workmen's Compensation Appeal Board (Board) dated February 22, 1973, affirming the referee's adjudication which denied workmen's compensation benefits to Muser under a fatal claim petition based upon her husband's death.

Howard Bruce Muser (decedent) was a customer's engineer for the I.B.M. Corporation and was 37 years of age when on January 29, 1964, he was stricken by a heart attack while making a service call for IBM. The decedent was specially trained to repair very tech-

nical and complex machinery such as was installed by his employer at the United States Marine Corps Base in Philadelphia. This machinery, which was a vital and integral part of the defense system of the United States, malfunctioned on January 29, 1964. The decedent was called upon to repair the machinery under what can be considered, from its description in the record, as an emergency situation. The decedent parked his automobile one and a half blocks from the location of the machinery and carried his 40-pound bag of tools from his automobile to the machinery. Before he could commence his work, he collapsed and was taken to the hospital where he died on the same day.

On June 2, 1965, Muser filed a fatal claim petition alleging that her husband had suffered a work-related accident and that his death was due to an acute myocardial infarction and thrombosis "caused by unusual strain and stress." Hearings were held at which expert medical testimony was received from both Muser and IBM. Based on this record, the referee found that decedent's fatal heart attack was not work-related and that it occurred during an assignment to his usual duties which he was performing in his usual manner. The referee also found that the autopsy report revealed evidence of prior arteriosclerosis. The referee concluded that this decedent did not have an accident for which workmen's compensation benefits could be paid to Muser.

Although Muser raises a question in her brief concerning the fact that the referee who filed the adjudication in this case was not the referee who heard the testimony, that issue was not specifically presented to this Court nor was it raised by Muser in any of the proceedings below. Therefore, it will not be discussed in this opinion. *See United States Steel Corporation v. Simon,* 9 Pa. Commonwealth Ct. 281, 305 A. 2d 913

(1973); *Wilder v. Jones & Laughlin Steel Corp.,* 8 Pa. Commonwealth Ct. 505, 303 A. 2d 537 (1973).

In this case the Board did not receive additional evidence and after argument it affirmed the findings and conclusions of the referee. The Board's decision was based upon its review of the record and its determination that Muser had not met her burden of proving that the death of her husband was work-related. Upon appeal to this Court, Muser argues that the Board and the referee erred in denying benefits because the record in this case supports the granting of benefits under the unusual strain doctrine as set forth by our Supreme Court in *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A. 2d 601 (1969).

Since our holding in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), where the party with the burden of proof receives an unfavorable adjudication from the referee and the Board affirms the referee's findings without receiving additional evidence, then our duty is to review the record to determine whether the referee was guilty of a capricious disregard of competent evidence. *See Bear v. Hartan's Sales and Service,* 9 Pa. Commonwealth Ct. 139, 304 A. 2d 178 (1973); *Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A. 2d 778 (1973).

In *Hamilton, supra,* upon which Muser relies, the claimant's decedent was employed as a carpenter and had been assigned to work at an oil refinery for four days prior to his death by heart attack. During those four days, he was required to wade through deep mud. He was 64 years of age and had a prior history of hypertension and cardiovascular heart disease but he had not complained of any health problem during the two years prior to his death. In *Hamilton, supra,* the Court stated concerning the unusual strain doctrine that:

"Under this doctrine there can be no recovery unless the claimant proves that the death or injury resulted from an overexertion or unusual strain encountered in the course of the employment." 434 Pa. at 95, 252 A. 2d at 603. Later, the Court set forth certain guidelines as follows:

"[W]e hold that the unusual strain doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general.

"We recognize that overexertion which aggravates an existing disease may constitute an accident and that proof of aggravation of a pre-existing condition is not, standing alone, sufficient to prove an accident or to raise an inference that its cause was accidental." 434 Pa. at 99, 100, 252 A. 2d at 605. The *Hamilton* Court then held that that decedent had experienced his heart attack under conditions which were unusual to his work pattern and that, therefore, the injury was compensable. In this case, Muser argues that on the day of his death the decedent was working under conditions unusual to his normal work pattern and these unusual conditions caused him to overexert himself and suffer a heart attack. Muser contends that the unusual strain doctrine is applicable to this case and that, therefore, we should reverse the Board.

We have carefully read and reread the record in this case. There can be no doubt that the expert medical witnesses presented by IBM presented sufficient credible evidence from which the Board and its referee could conclude that this decedent's death was not due to any unusual strain caused by decedent's work at the time of his heart attack. It is not the task of this Court to weigh the evidence or to substitute our judgment for that of the regulatory agency. *See SKF Industries, Inc. v. Cody,* 2 Pa. Commonwealth Ct. 19, 276 A. 2d 356 (1971).

Workmen's compensation cases are difficult when they involve an employe's death by heart attack while at work. Although we may be very sympathetic to the cause of this claimant, we are powerless to reverse the Board because our very careful review of this entire record permits only one conclusion, i.e., that there has been no capricious disregard of the evidence and that all of the referee's findings are supported by competent evidence. Therefore, we

### ORDER

AND NOW, this 4th day of April, 1974, the appeal of Phyllis J. Muser is hereby dismissed, and the order of the Workmen's Compensation Appeal Board is hereby affirmed.