Borough of Throop and Home Indemnity Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Joan Leek Merva, Widow of Joseph Merva, Deceased, Appellees.

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Joseph A. Murphy,* with him *John R. Lenahan,* and *Lenahan, Dempsey & Murphy,* for appellants.

*Ralph P. Needle,* with him *Jacob Nogi, Needle & Needle,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., March 5, 1975:

Appellee, Joan Leek Merva, is the wife of Joseph Merva, decedent, who was the police chief for the Borough of Throop (Appellant). Joseph Merva had been on the borough police force for more than 17 years when on April 10, 1972, he was dispatched to the scene of a serious automobile accident in which five persons were injured and one man was trapped in his vehicle. The chief, being the only person on the scene, proceeded to pry the car door open in order to extricate the victim, direct traffic, administer first aid to the injured and to otherwise assist the ambulance crews on the scene. Testimony established that the chief was at the scene of the accident from 3:40 P.M. until 5:00 P.M. when he returned to the police station at which time he was described as looking pale and haggard. Sometime after 10:00 P.M. the chief, upon returning home, complained of chest pains and lack of appetite. Although he was unable to go to work the following day, he did return for two days during which he conducted his normal routine. Six days after the collision, he died.

The referee found as fact that "as a result of extreme overexertion at the scene of the accident, the decedent suffered a myocardial infarction [and] died on April 16, 1972 . . . due to overexertion," and concluded as a matter of law that the "death was due to accidental injury in the course of his employment." Before us now is the appeal of the employer, Borough, following the Board's affirmance of the referee's findings of fact and conclusions of law.

"In a workmen's compensation case where the Board took no additional evidence and the party with the burden of proof [here claimant-appellee] prevailed before the referee, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or any necessary finding of fact found by the referee was unsupported by sufficient competent evidence." *Williams v. San Giorgio Macaroni, Inc.*, 13 Pa. Commonwealth Ct. 386, 388, 317 A. 2d 434, 435 (1974).

Appellant argues that Appellee failed to meet her burden of establishing by competent evidence that her husband's work preceding his death involved unusual strain or exertion which, in turn, led to the death. We must disagree. In *Muser v. I.B.M. Corporation*, 13 Pa. Commonwealth Ct. 12, 16, 317 A. 2d 352, 354 (1974), Judge KRAMER ably set out the law with regard to the unusual strain doctrine when he stated: "[u]nder this doctrine there can be no recovery unless the claimant proves that the death or injury resulted from an overexertion or unusual strain encountered in the course of the employment" and that the "doctrine is to be applied according to the work history of the individual involved and not according to the work pattern of his profession in general."

The record before us is replete with testimony describing the chief's unusual activities which allegedly caused the strain that night of the accident and its ultimate consequences. Competent evidence abounds from

which the referee could have found as fact that the accident precipitated overexertion.

We find it necessary to comment, however, on Appellant's contention that causation was not shown between the chief's activities on the night of the accident and his subsequent heart attack. Doctor Milton J. Goldstein testified that given the events of the night in question, the chief would have died immediately or shortly thereafter. The referee, in making his credibility evaluation of this testimony, chose to disregard it and favored that proffered by Dr. John J. Gaffney. Credibility is a determination for the referee and we will not disturb such a finding. Competent evidence does exist in the record to establish causation and we therefore affirm the order of the referee and

### ORDER

AND NOW, this 5th day of March, 1975, the Defendant, Borough of Throop and/or its insurance carrier, are directed to pay to Claimant, Joan Leek Merva, compensation at the rate of $60.00 per week beginning April 18, 1972, continuing to September 28, 1974, inclusive and further directed to pay Claimant compensation at the rate of $54.00 per week beginning September 29, 1974, continuing to February 25, 1977, inclusive and they are directed to pay Claimant compensation at the rate of $46.00 per week beginning February 26, 1977, continuing to July 15, 1981, inclusive; and they are directed to pay Claimant compensation at the rate of $39.00 per week beginning July 16, 1981 and continuing indefinitely thereafter, subject to the limitations of the Workmen's Compensation Act.

Deferred payments of compensation shall bear interest at the rate of six per cent (6%) per annum.

Defendant is further directed to reimburse Claimant in the sum of $750.00 for decedent's burial expenses.