Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Vergie Beauty Products and State Workmen's Insurance Fund, Insurance Carrier, Appellees, *v.* Osborne T. Young, Appellant.

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Albert Ring*, with him *D'Agui & Del Collo*, for appellant.

*Stephen E. Levin*, Special Assistant Attorney General, with him *James N. Diefenderfer*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 25, 1975:

This is a direct administrative agency appeal by Osborne T. Young (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the Referee's disallowance of compensation on the basis that Claimant was not in the scope of his employment when he sustained the subject accident.

Claimant had two jobs, both apparently full time. He was employed by Vergie Beauty Products, Appellee in the present action (Vergie), and Celotex Corporation (Celotex). On July 6, 1968, Claimant was involved in a serious automobile accident when the van he was driving swerved from the road and struck a pole. Claimaint

sustained lacerations of the head, face, right arm and fractured toes and fingers.

In this appeal, it is not questioned that Claimant became totally disabled as a result of the July 6 accident. Claimant, however, raises two other issues for our determination:

1) Was it error to permit a referee who read the record but did not preside over the hearing and never observed the witnesses' demeanor, to enter findings of fact under our ordainment in *Universal Cyclops?*

2) Was there a capricious disregard of evidence in finding Claimant to be outside the scope of his employment at the time of the accident?

Claimant and Appellee differ in delineating our scope of review. Since *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), this Court has consistently spelled out our scope of review in workmen's compensation cases, and has enunciated the proposition that the scope of review is controlled by whether the decision has either gone against or in favor of the party with the burden of proof. In an effort to put it to rest, we say: If the party who has the burden of proof prevailed in the administrative process, review by this Court is to determine whether constitutional rights were violated, an error of law committed or to make certain that necessary findings of fact are supported by substantial evidence, *see Williams v. San Giorgio Macaroni Company,* 13 Pa. Commonwealth Ct. 386, 319 A. 2d 434 (1974); *United States Steel Corporation v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 67, 308 A. 2d 200 (1973); *Kreider v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 79, 308 A. 2d 187 (1973), but if the decision is against the party carrying the burden of proof, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a

capricious disregard of competent evidence. *See Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 492, 319 A. 2d 211 (1974) ; *Bear v. Hartan's Sales and Service*, 9 Pa. Commonwealth Ct. 139, 304 A. 2d 178 (1973).

Here, Claimant had the burden and he failed to shoulder it. Being so, we must examine the record to determine whether there was a capricious disregard of competent evidence.

First we turn to the question of whether there was a capricious disregard by finding Claimant to be outside the scope of his employment. This is a question of law, *Henry v. Lit Brothers, Inc.*, 193 Pa. Superior Ct. 543, 165 A. 2d 406 (1960), *Weiss v. Friedman's Hotel*, 176 Pa. Superior Ct. 98, 106 A. 2d 867 (1954) ; however, necessarily we must examine the facts which support the conclusion of law to see if he disregarded competent evidence in arriving at the determination. We hold his inspection and judgment of the factual posture was not erroneous.

" 'To constitute a capricious disregard there must be a wilful, deliberate disbelief of an apparently trustworthy witness, whose testimony, one of ordinary intelligence could not possibly challenge or entertain the slightest doubt ... [I]t must be so flagrant as to be repugnant to a man of reasonable intelligence.' " *Harascak v. Department of Highways*, 217 Pa. Superior Ct. 138, 269 A. 2d 329 (1970).

Basically, the testimony which Appellant claims was disregarded was his testimony stating that he was not driving to his Celotex job, but rather he was taking the car for servicing and therefore was still in the scope of his Vergie employment. The referee, exercising judgment, chose to find incredulous this explanation of activity when he heard that Claimant was proceeding to the repair garage at two o'clock in the morning, and that he had worked from 12:00 A.M. to 8:00 A.M. on July 5, 1968 for Celotex and then went immediately to work the

full day work shift for Vergie. He had not slept for more than twenty-four hours and the garage was bereft of cars or servicemen at two o'clock that morning. Naivete prevails if we would say that the referee purposefully believed this testimony in the face of testimony to the contrary. We find no capricious disregard of competent evidence.

Next, Appellant argues that since the referee who entered the findings did not preside at the hearing to observe the demeanor of the witnesses, he could not fulfill the requisite credibility determination required under *Universal Cyclops*.

The brief answer to this argument, however, is that Appellant is in no position to complain about this procedural irregularity since he failed to raise the issue below. *See Wilder v. Jones & Laughlin Steel Corp.*, 8 Pa. Commonwealth Ct. 505, 303 A. 2d 537 (1973). We have examined the record to find objections before the respective referees and we have examined the appeals to the Board from the findings of fact and conclusions of law. Absent objection prior to appeal to this Court, Appellant's argument must be rejected.

ORDER

Now, this 25th day of April, 1975, the order of the Board is affirmed.