Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Mrs. Walter Haurin, Appellees, *v.* United Sheet Metal Company and Liberty Mutual Insurance Company, Insurance Carrier, Appellants.

536

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting a a panel of three.

*John G. Jenemann,* with him *Joseph R. Thompson,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., April 28, 1975:

United Sheet Metal Company and its carrier, Liberty Mutual Insurance Company (Appellant), appeal a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award on a fatal claim petition filed by Mrs. Walter Haurin (Claimant) widow of Walter Haurin (Decedent).

Two questions are before us on appeal:

1) Are the referee's findings of fact that decedent experienced an unusual over-exertion which caused his death supported by competent evidence? and

2) Is there sufficient competent evidence to support a finding of a compensable accident?

Decedent was employed by Appellant as a sheet metal worker. On May 25, 1970, while working on the premises of Merck, Sharp & Dome installing an air conditioning system, decedent was found lying at the bottom of a stairway. After being taken to a nearby hospital, he was pronounced dead. That day, decedent had been carrying approximately thirty-five air conditioning baffles (blades) up two flights of steps (approximately twenty feet) to the roof. Once on the roof he carried the baffles another one hundred twenty feet to the place of installation. Each baffle weighed three to five pounds and measured four feet long. On these facts the referee and Board awarded compensation on the fatal claim petition on the basis of finding of an accident and unusual strain.

We turn first to the question of usual strain. Most recently we enunciated the law applicable to unusual strain in *Borough of Throop v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 521, 333 A. 2d 481 (1975), and *Muser v. I. B. M. Corporation,* 13 Pa. Commonwealth Ct. 12, 317 A. 2d 352 (1974). "Under this doctrine *there can be no recovery unless the claimant proves that the death or injury resulted from an overexertion or unusual strain* encountered in the course of his employment . . . [and] *the unusual strain doctrine*

*is to be applied according to the work history of the individual involved and not according to the work pattern of his profession in general."* Muser, *supra*, at 16, 317 A. 2d at 354 (Emphasis added.)

The record states that decedent was a relatively new employee, being with Appellant for a little over one month, and that he had never performed this kind of work prior to the day of his death. The record further reveals that Claimant's doctor testified that in his opinion the decedent's death by heart attack was caused by over-exertion immediately prior to death.

Viewing decedent's work history in particular, as opposed to an experienced sheet metal worker who may have known the proper way to carry baffles, and the way by which he could pace himself, and the medical testimony, the finder of fact could well have found that a man unaccustomed to the job, lifting such weights over the distance he had to travel, suffered an unusual strain or overexertion. Since no one was with decedent at the time of death, all the proof of record is circumstantial. Our total review of the record, however, would support the conclusions drawn by the referee and Board. Since competent evidence exists from which the conclusion of overexertion could be drawn, we are bound to affirm. Determinations of credibility are for the referee, and if based on competent evidence, as here, we will not overturn.

Next, we turn to the question of whether competent evidence exists to support a finding of a compensable accident. Appellant briefs this argument by saying that Claimant argued unusual pathological result before the Board and that this doctrine would not support recovery.

Claimant does not now dispute this because the Board affirmed the referee based on the unusual strain doctrine, not the unusual pathological doctrine. Apparently, Appellant misconceives the concept of compensable accident. In *Hinkle v. H. J. Heinz Company,* 7 Pa. Commonwealth

Ct. 216, 222, 298 A. 2d 632, 635 (1972), Judge KRAMER clearly spelled out the constraints of the concept of compensable accident when he wrote:

"Although the term 'accident' is not defined in the Act, courts have generally defined it as a sudden event which takes place without foresight or expectation. See Gilbert v. Aronimink Country Club, 214 Pa. Superior Ct. 70, 251 A. 2d 724 (1969), and Lawrence v. Delmont Fuel Co., 193 Pa. Superior Ct. 65, 163 A. 2d 684 (1960).

"*The cases disclose four basic categories of accidents:*

(1) a sudden, unexpected traumatic event such as a fall or blow; See Swartz v. Fisher & Young, Inc., [211 Pa. Superior Ct. 277, 236 A. 2d 528 (1967)] and Allen v. Patterson-Emerson-Comstock, Inc., 180 Pa. Superior Ct. 286, 119 A. 2d 832 (1956) ; (2) *unusual exertion in the course of work causing an unexpected and sudden injury*: See Hamilton v. Procon, Inc., 434 Pa. 90, 252 A. 2d 601 (1969) ; and Hilt v. Roslyn Volunteer Fire Company, 445 Pa. 149, 281 A. 2d 873 (1971) ; (3) an unusual pathological result of an ordinary condition of work: See Wance v. Gettig Engineering & Manufacturing Company, Inc., 204 Pa. Superior Ct. 297, 204 A. 2d 492 (1964) ; and Rovere v. Interstate Cemetery Company, Inc., 164 Pa. Superior Ct. 233, 63 A. 2d 388 (1949) ; and (4) sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee: See Baur v. Mesta Machine Company, 405 Pa. 617, 176 A. 2d 684 (1961)."

(Emphasis added.)

The referee found as fact that an accident occurred due to overexertion, i.e., unusual strain. This is one method by which an accident can occur. There is no requirement that Claimant show more than one of the *Hinkle* criteria for accidents.

Therefore, consistent with the foregoing we

ORDER

AND NOW, this 28th day of April, 1975, it is hereby ordered that compensation be paid to Esther Haurin, widow of Walter Haurin, by United Sheet Metal Company, and/or its carrier, Liberty Mutual Insurance Company, at the rate of $39.00 per week from May 26, 1970, through the period of her widowhood in accordance with the Workmen's Compensation Act.

It is further ordered that United Sheet Metal Company and/or Liberty Mutual Insurance Company reimburse the widow in the sum of $750.00 for burial expenses. Interest at the rate of six (6%) percent per annum is to be paid on all deferred payments of compensation.