Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and National Can Corporation *v.* Patricia Keller, Appellant.
Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Patricia Keller *v.* National Can Corporation and Royal-Globe Insurance Companies, Appellants.

264

Argued October 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., and Wilkinson, Jr., sitting as a panel of three.

*Roland J. Artigues,* with him *Galfand, Berger, Senesky, Lurie and March,* for Keller.

*Lowell A. Reed, Jr.,* with him *John J. McAuliffe, Jr.; Wojdak & McAuliffe; Peter J. Weber;* and *Rawle & Henderson,* for Gallagher-Bassett Insurance Service Co., Royal-Globe Insurance Companies, and National Can Corporation.

Opinion by President Judge Bowman, December 1, 1976:

On December 8, 1971, while employed by National Can Corporation (National), Patricia Keller (claim-

ant) suffered a back injury for which workmen's compensation benefits for total disability were paid pursuant to a compensation agreement dated February 23, 1972. At that time, National's workmen's compensation liability insurer was Royal-Globe Insurance Companies (Royal-Globe).

On October 29, 1973, claimant returned to work at National at the same position, but with an increase in salary. Claimant worked for a period of four and one-half days, her testimony indicating that she suffered increasing back pains each day until forced to leave on the fifth day, November 3, 1973, in the middle of her shift.

As a product of these events, National-Royal-Globe on November 7, 1973, filed a termination petition asserting claimant's loss of earning power ceased when claimant returned to work on October 29, 1973, at National to the same or similar work at higher wages. On November 12, 1973, claimant filed a claim petition for compensation alleging a new compensable injury on November 1, 1973, the third day of her return to work. These proceedings were consolidated for hearing before the referee. It is not clear from the record or the briefs whether National was a self-insurer at this time. It was either self-insured or insured by Gallagher-Bassett Insurance Service, a point we need not reach in light of our decision in these consolidated appeals.

In separate determinations rendered on January 8, 1975, the referee concluded that claimant's total disability status had recurred on November 3, 1973, and she did not suffer a new injury. He, therefore, dismissed National-Royal-Globe's termination petition and claimant's claim petition.[1] On appeal to the

---

[1] The referee also concluded that claimant's total disability status was decreased to an undisclosed partial disability status as

Board, the referee's determinations were affirmed. Hence these appeals. National-Royal-Globe are appellants to No. 1322 C.D. 1975 and claimant is appellant to No. 1293 C.D. 1975. Gallagher-Bassett Insurance Service filed briefs and appeared at argument on behalf of National in *claimant's* appeal to this Court.

As both claimant and National-Royal-Globe bore the burden of proof in the respective proceedings from which they appeal, our review is limited to a determination of whether the referee's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Western Packers, Inc.*, 22 Pa. Commonwealth Ct. 598, 350 A.2d 194 (1976); *Workmen's Compensation Appeal Board v. Young, supra* note 1.

Both claimant and National-Royal-Globe assert that the referee capriciously disregarded competent evidence establishing a new and independent injury, the latter making this assertion in support of its petition to terminate their responsibility arising out of the accidental injury of December 8, 1971.

> ' "To constitute a capricious disregard there must be a wilful, deliberate disbelief of an apparently trustworthy witness, whose testimony, one of ordinary intelligence could not possibly challenge or entertain the slightest doubt ... [I]t must be so flagrant as to be repugnant to a man of reasonable intelligence." ' Harascak v. Department of Highways, 217 Pa. Superior Ct. 138, 269 A.2d 329 (1970).

of January 31, 1974. As this issue was not preserved on claimant's appeal to the Board, we do not consider it. *Workmen's Compensation Appeal Board v. Young*, 18 Pa. Commonwealth Ct. 515, 519, 336 A.2d 665, 667 (1975).

*Young, supra* note 1, 18 Pa. Commonwealth Ct. at 518, 336 A.2d at 666.

Because the Board did not take additional evidence and found substantial evidence to support the decision of the referee, we must give great weight to the facts as found by the referee. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). A referee in a workmen's compensation case cannot be said to have capriciously disregarded competent evidence by having accepted the competent testimony of one witness while rejecting the conflicting testimony of another. *Workmen's Compensation Appeal Board v. International Furnace Corp.,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975); *Parkview Hospital, Inc. v. Workmen's Compensation Appeal Board,* 20 Pa. Commonwealth Ct. 567, 342 A.2d 137 (1975); *Borough of Throop v. Workmen'sCompensation Appeal Board,* 17 Pa. Commonwealth Ct. 521, 333 A.2d 481 (1975); *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 152, 331 A.2d 221 (1975). Judgments concerning the credibility of witnesses testifying before the referee are, thus, for the referee, rather than the Board or this Court. *Borough of Aliquippa v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 340, 336 A.2d 450 (1975).

Mindful of our narrow scope of review, and considering claimant's testimony regarding her symptomatology, the short period of time claimant was able to work before becoming disabled by pain, and the inability of National-Royal-Globe's medical witness to explain the cause of the disabling pain, we find no capricious disregard of competent evidence.

Claimant and National-Royal-Globe further contend that the referee and the Board committed an error of law by requiring claimant to prove that her disability was caused by an "accident."

It is well established that since the 1972 amendments to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., a claimant need no longer prove that he has suffered an "accident." Section 301(c) of the Act, 77 P.S. §411(1); *see Workmen's Compensation Appeal Board v. Borough of Plum*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

In a finding of fact denying claimant's claim petition, the referee stated:

2. Claimant did not sustain another injury nor was she involved in another accident on November 1, 1973, but rather . . . claimant suffered a recurrence of total disability resulting from the injury to her on December 8, 1971 when she sustained an accidental injury to her back.

While this finding of fact is, in reality, a mixed finding of fact and conclusion of law and is not artfully articulated within the context of the present statutory law requiring only proof of injury, there is no question in our mind that it discloses an awareness on the part of the referee that only proof of injury was required as to claimant's petition asserting a compensable injury as of November 1, 1973. He found she suffered no injury on the date in question nor did she suffer an accident producing an injury. While proof of an accidental injury is no longer required, it cannot be said that an accident producing an injury is any less compensable than merely proof of injury.

Finally, we briefly comment upon an ingenious but unacceptable argument advanced in the National-Royal-Globe appeal by counsel presumably representing all appellants in that appeal. It is asserted that National failed to answer claimant's claim petition, the subject of the other appeal, wherefore the referee and Board erred in dismissing the petition, which conclusion, not so incidentally, would have the effect of

relieving Royal-Globe of insurer responsibility in the original claim and make National and its then insurance carrier, if any, liable for the new injury. Such an argument cannot be raised in the National-Royal-Globe appeal from a denial of a termination petition. It would be, if raised—which it was not—available only to appellant in the other appeal. In any event, both proceedings, initiated within a few days of each other, consolidated before the referee for hearing and decided at the same time with all parties in interest participating, place in grave doubt whether failure of National to answer claimant's petition would properly be considered a waiver or an admission of responsibility.

We shall affirm the Board in both appeals.

ORDER

Now, December 1, 1976, the consolidated order of the Workmen's Compensation Appeal Board from which these cross appeals are taken is hereby affirmed. National-Royal-Globe is hereby ordered and directed to pay to claimant compensation for recurring total disability at the rate of $60.00 per week commencing November 3, 1973, and continuing thereafter up to, but not including, January 31, 1974. Commencing January 31, 1974, and continuing thereafter within the provisions and limitations of The Pennsylvania Workmen's Compensation Act, National-Royal-Globe shall pay to claimant compensation for partial disability at the rate of $45.00 per week. Interest at the rate of six percent (6%) per annum is hereby assessed on all unpaid installments from the due date thereof.

It is further ordered that compensation payments are hereby suspended for the period commencing October 29, 1973, up to, but not including, November 3, 1973, during which period claimant was employed at wages equal to or exceeding those earned by her on December 8, 1971.