Frank Hines, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Mack Trucks, Inc. and Esis, Inc., Respondents.

372

Submitted on briefs September 17, 1981, to President Judge Crumlish, Jr. and Judges Craig and Mac-Phail, sitting as a panel of three.

*Jeffrey B. Matzkin,* for petitioner.

*Robert A. Weinert,* for respondent, Mack Trucks, Inc.

Opinion by President Judge Crumlish, Jr., February 2, 1982:

Frank Hines appeals from a Workmen's Compensation Appeal Board denial of benefits. We affirm.

Hines, allegedly injured at work, was discharged when he was unable to perform normal work assignments. The Board affirmed a referee's decision which concluded that Hines failed to connect his alleged injury to his employment through adequate medical evidence.

The claimant, under The Pennsylvania Workmen's Compensation Act,[1] has the burden of establishing the right to compensation and all elements necessary to support an award.[2] *Halaski v. Hilton Hotel,* 487 Pa. 313, 317, 409 A.2d 367, 369 (1979). Hines argues that he met his burden by presenting the testimony of two Board-certified physicians.

The referee is the ultimate fact-finder where the Board takes no additional evidence. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 61, 426 A.2d 1304, 1307 (1981). A referee, being the judge of credibility, is vested with broad discretion and may accept or reject any witness' testimony, including that of a medical witness, in whole or in part. *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980). Thus, rejection of medical testimony does not, by itself, constitute capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Keller,* 27 Pa. Commonwealth Ct. 263, 267, 366 A.2d 623, 625 (1976).

A review of the record demonstrates that neither physician was able to base his testimony on any adequate objective findings.[3] The referee rejected the

---

[1] Act of June 20, 1915, P.L. 736, *as amended,* 77 P.S. §1.

[2] Where the party fails to meet his burden of proof, our review is limited to determining whether or not findings of fact are consistent with each other and with the legal conclusions and if they can be sustained without capricious disregard of competent evidence. *Walsh v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 288, 291, 422 A.2d 1247, 1249 (1980).

[3] Hines offered the testimony of a Board-certified family practitioner who examined him the day after the accident. On cross-examination, however, the doctor testified that he could not say with reasonable medical certainty that the employee's alleged injury was caused by a work-related accident. The employee also offered the testimony of a Board-certified neurologist who testified that he could find no objective indications to support the employee's claimed injury.

proffered medical testimony since it was based on subjective, rather than objective, evidence. Mindful of our narrow scope of review, we find no capricious disregard of competent evidence.

Affirmed.

### Order

The Workmen's Compensation Appeal Board order No. A-79893, dated April 23, 1981, is affirmed.

Judge PALLADINO did not participate in the decision in this case.