John J. Sloan, Petitioner *v.* Workmen's Compensation Appeal Board (Carbonator Rentals, Inc.), Respondents.

Argued June 10, 1982, before President Judge CRUMLISH and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner.

*Stephen J. Harlen, Swartz, Campbell & Detweiler,* for respondent, Carbonator Rentals, Inc.

OPINION BY JUDGE ROGERS, September 1, 1982:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee awarding partial disability benefits to John J. Sloan (Claimant). For the reasons which follow, we affirm the order of the Board.

Claimant was employed as a truck loading supervisor by Carbonator Rentals, Inc. (Employer) when he

incurred a job-related injury to his right knee on March 2, 1978. Claimant received compensation for total disability as a result of that injury until April 21, 1978, when a final receipt was executed. On April 22, 1978, Claimant returned to work for Employer until he was laid off on June 14, 1978. On or about April 26, 1979, Claimant filed a petition to set aside the final receipt, alleging that he was totally disabled. Testimony was taken at a series of four hearings from June, 1979 through September, 1980. On December 5, 1980, the referee issued an amended decision[1] which set aside the final receipt, and awarded Claimant compensation for partial disability retroactive to June 15, 1978. Claimant appealed this decision to the Board, which affirmed the referee. Appeal to this Court followed.

Claimant argues that a finding of total disability, rather than partial disability, is properly supported by the testimony received by the referee. Our scope of review, however, does not include the determination of whether an alternate finding might be supported by the evidence. Rather, where the party with the burden of proof has prevailed before the referee and the Board took no additional evidence, our review is limited to determine whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were supported by substantial evidence. The referee's findings of fact will not be disturbed when they are supported by sufficient competent evidence. *Mancini v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 184, 440 A.2d 1275 (1982).

---

[1] The referee's initial decision dated November 12, 1980 included inconsistent, confusing references to partial and total disability. This apparent clerical error was corrected by the filing of an amended decision on December 5, 1980.

Our review of the record reveals that the referee's finding of partial disability is based upon the combined testimony of Dr. Jacob Krause, a Board-certified orthopedic surgeon, and Robert P. Wolf, a qualified vocation expert. Dr. Krause, claimant's witness, presented evidence concerning the disabling affect of Claimant's knee injury, including the physical restrictions within which Claimant is able to perform. The referee accepted this testimony, which served as the basis for the finding that Claimant is disabled. Employer, then having the burden of proof to show that other work is available to the Claimant which he is capable of performing,[2] offered unequivocal testimony that Claimant's condition was not totally disabling in the context of relating the injury to a loss of earning capacity. Mr. Wolf testified to the existence of several specific sedentary jobs that Claimant could perform while remaining within the medical restrictions described by Dr. Krause. This testimony served as a basis for finding that Claimant's disability is partial. It is within the sole discretion of the referee, as the ultimate fact finder, to accept Mr. Wolf's testimony, even if it results in the rejection of a part of Dr. Krause's testimony. *See Hines v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 371, 440 A.2d 664 (1982). We conclude that the referee's finding of partial disability is supported by competent evidence.

Accordingly, we enter the following

ORDER

AND Now, this 1st day of September, 1982, the order of the Workmen's Compensation Appeal Board dated May 28, 1981 at docket no. A-80243 is hereby affirmed.

---

[2] *See Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968).