530 A.2d 951

Daniel Petillo, Petitioner *v.* Workmen's Compensation Appeal Board (B.P. Oil Corporation), Respondents.

Submitted on briefs February 24, 1987, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

Robert W. Maher, Dyer, Maher & Costigan, for petitioner.

Andrew J. Forbes, Cramp, D'Iorio, McConchie & Forbes, P.C., for respondent.

OPINION BY JUDGE PALLADINO, August 25, 1987:

Daniel Petillo (Petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of his claim petition for compensation The Pennsylvania Workmen's Compensation Act (Act).[1]

On October 13, 1976, Petitioner filed a claim petition which alleged partial disability resulting from asbestosis, contracted while in the employ of B.P. Oil Corporation (Employer). A referee found that, although Petitioner was suffering from asbestosis, Petitioner was not disabled and therefore not entitled to compensation. Petitioner appealed to the Board which affirmed the referee on January 31, 1980. While this appeal was pending, Petitioner took early retirement in August of 1979. No further appeal from the Board's January, 1980

---

[1] Act of June 2, 1915, P.L. 736, added by Act of October 17, 1972, P.L. 930, as amended, 77 P.S. §§1-1603.

order was taken. Thereafter on April 7, 1980, Petitioner filed a second claim petition alleging that he had contracted asbestosis. Several hearings were held and on January 9, 1984, a referee concluded that Petitioner had no interstitial lung disease due to asbestosis and that Petitioner was not totally disabled. The referee further found that any loss in earning power was the result of Petitioner's voluntary retirement and not due to Petitioner's medical condition. The referee then dismissed the claim petition. Petitioner appealed to the Board which affirmed the referee.

On appeal to this court, Petitioner asserts that, as a result of the May, 1979 finding that Petitioner did suffer from asbestosis, the referee was collaterally estopped from finding that Petitioner did not suffer from asbestosis. Petitioner also asserts that the referee's January, 1984 findings of fact are not supported by competent evidence and that the conclusions of law are not drawn from the evidence.

First, Petitioner asserts that the referee was collaterally estopped from finding he had not contracted asbestosis since this issue was previously addressed by the referee. Petitioner, however, failed to raise this argument before the referee or the Board. He did not argue that the referee was bound by his prior findings of fact until reaching this court. Therefore, the collateral estoppel argument is not properly before this court and we may not address it.

Next, Petitioner asserts that the January, 1984 findings of fact are not supported by competent evidence. The January, 1984 findings of fact are as follows:

1. The last time the Claimant alleges to have worked with asbestos was probably in January of 1971 when the Claimant worked in the boiler house.

2.  The only area where the Claimant claims to have seen asbestos during the last six years of employment was in the boiler house area and the Claimant states that he did not have to work in said area but only occassionslly [sic] walked around it.

3.  From 1094 [sic] to the present, no clouds of asbestos dust were allowed to occur at the refinery and any removal of asbestos was carried out in a safe and proper fashion.

4.  The Claimant, Daniel Petillo, has no interstitial lung disease due to asbestos or asbestosis as of April, 1981.

5.  The Claimant is at least able to perform sedentary duties such as clerical work, watchman, or any desk job.

6.  The Defendant employer has shown that sedentary type work was available for the Claimant at the Marcus Hook Refinery Plant in that Claimant would have qualified for a medical demotion job such as a watchman, safety job or tool room clerk, etc., or Claimant couls [sic] have bid up to a 'A' operators job which is a sedentary position.

7.  The Claimant never applied for or requested a physically less demanding job even though the employer had a procedure whereby the Claimant would be transferred pursuant to a medical demotion.

8.  Instead, the Claimant requested information from the employer concerning retirement benefits as of January, 1979, and subsequently as of August, 1979, and in fact, the Claimant filled out and completed retirement form which indicated that the Claimant retired from his employment rather than alleging a partial or total disability.

9. Claimant elected to have his petition considered and proceed under the provisions of the Worker's Compensation Act as amended July 1, 1973.

Petitioner argues that, since both doctors who testified in the hearings concluded that Petitioner suffered from asbestos-related disability and that Petitioner should not return to his usual work responsibilities, his condition falls within Section 108(n) of the Act.[2] Petitioner then asserts that the Employer failed to meet its burden of proving job availability within the physical limitation of Petitioner.

---

[2] Section 108(n) provides in pertinent part:

The term 'occupational disease,' as used in this act, shall mean only the following diseases.

. . .

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause, partial loss of hearing in one or both ears due to noise and the diseases silicosis, anthracosilicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases.

77 P.S. §27.1(n).

The intent of this subsection is to bring into the fold of coverage each new occupational disease as medical science verifies it and establishes it as such, without the need for special legislation. *Fruehauf.* The burden of proof upon a claimant under this section is different from the burden of proof under Section 108(l). A claimant must prove that the occupational disease is a hazard, which arose out of and in the course of his employment, that he was exposed to it and that the disease is causally related to his industry with a higher incidence than in the general population. *Id.* Because Petitioner set forth in his claim petition the disease of asbestosis as his work-related injury, Section 108(l) is the section applicable to

To become eligible for benefits under Section 108 of the Act, a claimant must show that he suffers from a disease as defined in Section 108 of the Act. *Fruehauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977). Claimant must also prove that he was exposed to the hazards of that occupational disease in the course of his employment. *Shemanski v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 527, 434 A.2d 847 (1981). These are questions of fact to be resolved by the referee. *Shemanski.*

In the case at bar, Petitioner presented the testimony of E. Spencer Paisley, M.D. who opined that Petitioner had occupational asbestosis. However, the Employer presented the testimony of Jerome Rudnitzky, M.D., who was of the opinion that Petitioner had "pleural disease secondary to asbestos exposure." More specifically, on September 24, 1981, Dr. Rudnitzky testified as follows:

Q. Did you determine whether he had asbestosis at that time?

A. I felt that he did not have asbestosis.

Q. Did you feel that he—that he had a significant pulmonary functional impairment?

A. I did not.

Q. Did he have any evidence of interstitial lung disease?

A. He did not.

---

Petitioner. Section 108(l) brings asbestosis within the meaning of an occupational disease:

(l) Asbestosis and cancer resulting from direct contact with, handling of, or exposure to the dust of asbestos in any occupation involving such contact, handling or exposure.

77 P.S. §27.1(l).

Q. What significance is that in the diagnosis of asbestosis or the reduction of—

A. Asbestosis is the presence of the interstitial lung disease due to asbestos exposure.

Q. And, therefore, the absence of the interstitial lung disease can lead you to conclude that he did not have asbestosis at that time?

A. That is correct.

(N.T. at 13).

The referee has broad discretion to determine credibility and may accept or reject a medical witness' testimony in whole or in part. *Hines v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 371, 440 A.2d 664 (1982). Although there is conflicting medical evidence, the referee resolved these conflicting medical opinions in favor of the Employer. In the exercise of his fact finding role, the referee was free to accept the testimony of Dr. Rudnitzky rather than that of Dr. Paisley. Because the finding that Petitioner did not have asbestosis is supported by substantial evidence, we will not disturb it on appeal. We conclude, therefore, that Petitioner did not meet his initial burden of proving that he was the victim of the occupational disease of asbestosis and the Board did not err in affirming the referee's findings of fact.

Because Petitioner failed to meet his burden of proof, we find it unnecessary to reach his other contentions. Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, August 25, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.